ANDREW J. SMITH *vs.* SOLOMON PENDERGAST and others.

December 30, 1879.

Lease—Surrender by Operation of Law.—A surrender by operation of law takes place where the owner of a particular estate has been a party to some act, the validity of which he is by law afterwards estopped from disputing, and which would not be valid if his particular estate had continued to exist. The facts of the case at bar considered, and *held,* in accordance with the foregoing rule, to show a surrender of a portion of certain demised premises by operation of law.

Same—Surrender of Part of Premises—Rent for Remainder.—Where it does not appear that the value of the use of demised premises is impaired by a surrender of a portion of them, the landlord may recover the entire rent reserved, notwithstanding such partial surrender.

Findings of Court—Motion to make Specific.—Where the finding of a trial court is not sufficiently distinct and specific, such court should be moved to perfect it, otherwise the objection is waived.

Appeal by defendants from a judgment of the district court for Stearns county, where the action was tried before *McKelvy,* J., a jury being waived.

*Miner & Barto,* for appellants.

*L. W. Collins,* for respondent.

BERRY, J. Moore, owning and being in possession of certain premises, demised the same, by lease under seal, for the term of one year from September 7, 1871, to the firm of Howard & Carpenter, composed of John R. Howard and Ira M. Carpenter. Thereupon the firm went into possession, and performed all the covenants and conditions to be performed on their part. Pursuant to one of its provisions, the lease was renewed for an additional term of four years, and under

the renewal the lessees continued in possession, and fully performed on their part, except as hereinafter stated. On November 1, 1873, Moore, the lessor, conveyed the demised premises to the plaintiff, and transferred to him all his rights in and under the lease.

At the time of the execution of the lease, there was a two-story building upon the demised premises, the second story of which was used as a tin-shop, access to which was had by an outside flight of stairs, upon the demised premises, and on the south side of the building. This flight of stairs furnished the only public means of access to the tin-shop. In addition to the site of the building mentioned, the lease demised another portion of the lot upon which the building was situated, which portion was well adapted as a place of deposit for bulky goods, such as agricultural machinery. In the latter part of September, 1875, the plaintiff entered upon this portion of the lot, and during October following removed the stairs, and there erected a building which he has ever since occupied as a bank. At the same time, plaintiff put up a flight of stairs at the rear of the building, so as to afford access to the second story and to the tin-shop, and subsequently, at the request of one of the defendants, cut a doorway in the rear part of the first story of the building, and put in a door, so as to afford the lessees more convenient access to the stairs which he had erected.

Previous to plaintiff's entry upon the above-mentioned portion of lot 7, he informed Howard (of the firm of Howard & Carpenter) of his desire to make such entry, and to make the erection and improvements aforesaid, promising Howard that if he would consent to the same, he would obtain for him another lot upon which to store and deposit goods or agricultural machinery, in case he desired him to do so. Howard made no objection then or at any other time to plaintiff's acts or proceedings in the matter, but permitted him to go on with his entry and improvements, and, by his (Howard's) conduct, led the plaintiff to believe that it was entirely satisfactory to him .

On November 8, 1875, Howard & Carpenter assigned all
their rights under the lease to John R. Howard, who retained
possession of the demised premises, except as above stated,
until January 27, 1876. On that day, and after the plaintiff
had made the entry and all the erections and improvements
aforesaid, Howard assigned all his rights under the lease to
the defendants. They thereupon entered into possession of
the demised premises, except the portion entered upon by
plaintiff, as aforesaid, and occupied and used the same, under
the lease, from said 27th day of January up to September 7,
1876, inclusive, when they surrendered possession to the
plaintiff. Defendants paid the rents reserved in the lease
which accrued up to March 7, 1876. The last payment was
made by them on March 9, 1876, and they have paid no rent
for their use and occupation of the premises since March 7,
1876. No dissatisfaction was ever expressed to plaintiff on
account of his entry and improvements, until April, 1876,
and then by the defendants only, and no damages were
claimed before that time on account thereof.

Upon the state of facts summarized above, the court below
found as conclusions of law: *First*, that the acts and conduct
of the lessees were equivalent to consent to the plaintiff's entry
and improvements aforesaid; *second*, that the plaintiff was
entitled to judgment against the defendants for rent, accord-
ing to the terms of the lease, at the rate of $50 per month,
for the six months between March 7 and September 7, 1876,
with interest.

We have no doubt of the correctness of these conclusions.
The first, however, does not go as far as the findings of fact
would have justified the court in going, nor as far as it ought
to go. We are of opinion that the facts found by the court
make out a case of a surrender to the plaintiff, by operation
of law, of that part of the demised premises entered upon and
occupied by him as aforesaid. The case appears to us fully
to fall within the doctrine laid down by Baron Parke in *Lyon*
v. *Reed*, 13 Mees. & Wels. 285, a case cited and applied by

this court in *Nelson* v. *Thompson*, 23 Minn. 508. In considering what is meant by a surrender by operation of law, Baron Parke says: "This term is applied to cases where the owner of a particular estate has been a party to some act, the validity of which he is by law afterwards estopped from disputing, and which would not be valid if his particular estate had continued to exist. There the law treats the doing of such act as amounting to a surrender. Thus, if lessee for years accept a new lease from his lessor, he is estopped from saying that his lessor had not power to make the new lease; and as the lessor could not do this until the prior lease had been surrendered, the law says that the acceptance of such new lease is of itself a surrender of the former." After giving some other instances, he adds: "It is needless to multiply examples; all the old cases will be found to depend on the principle to which we have adverted, namely, an act done by or to the owner of a particular estate, the validity of which he is estopped from disputing, and which could not have been done if the particular estate continued to exist."

Now it is found, in effect, that the plaintiff's entry upon, and occupation and improvement of, the before-mentioned portion of the demised premises, was with the knowledge and assent of the then lessees, Howard & Carpenter. The plaintiff could not lawfully have made the entry and improvements, or have gone into and continued the occupation, if, as respected the portion so entered upon and occupied, the leasehold estate continued to exist. The validity of the plaintiff's entry and occupation the lessees were, therefore, estopped to dispute. The plaintiff acted and made expenditures upon the basis of the assent of the lessees, and to permit them to repudiate their assent would prejudice the plaintiff, and work a fraud upon him. See *Pence* v. *Arbuckle*, 22 Minn. 417.

As respects the then lessees, Howard & Carpenter, we think the facts found clearly show a surrender of that portion of the demised premises entered upon by the plaintiff. Howard was one of the firm of Howard & Carpenter, and, through the

firm's assignment to him, he succeeded to the firm's rights only. By Howard's assignment to the defendants, made after the plaintiff's entry and improvements, and during his occupation, the defendants acquired no more rights than Howard had; and the surrender was as 'effectual and operative as against them as against Howard or Howard & Carpenter. This disposes of the defendants' position that the plaintiff cannot recover the rent reserved in the lease, because he has evicted the defendants from a portion of the demised premises. There has been a surrender of a portion of the demised premises by operation of law, and this satisfies the requirement of the statute found in Gen. St. 1878, c. 41, § 10.

It is further claimed by the defendants that the plaintiff is not entitled to recover the entire rent reserved, because they are deprived of the enjoyment of a portion of the demised premises. If it were found that, on account of this deprivation, taking all the accompanying facts and the circumstances into consideration, the value of the use of the demised premises was impaired, it is possible that this point might present some difficulty. But it is not so found, and there is, therefore, no ground upon which the rent can be reduced.

It is urged that the court below erred in not distinctly and specifically finding upon the question, whether and how much the rental value of the demised premises was diminished by the deprivation spoken of. The answer to this is that, if the finding was defective in these respects, the court below should have been moved to perfect it. · Otherwise, any such objection to it is taken as waived. These are all the points which appear to us to require special consideration, and the result is that the judgment is affirmed.