MOLLIE O. HEWITT *vs.* LEO BLUMENKRANZ.

33 417
44 132

June 5, 1885.

Practice—Finding of Facts.—A finding "that the allegations of fact in the complaint are not proved," is sufficient to sustain a judgment for the defendant.

Same—Motion to Make Findings Specific.—If a finding is not sufficiently specific, the trial court should be moved to make it so, otherwise the objection is waived.

Evidence—Immaterial Error.—The exclusion of competent evidence where, had it been admitted, the plaintiff would still have failed to prove any cause of action, is error without prejudice.

Appeal by plaintiff from a judgment of the municipal court of Minneapolis.

*John N. Gannon,* for appellant.

*Campbell & Biddle,* for respondent.

MITCHELL, J. Action to recover possession of a pair of diamond ear-rings of the alleged value of $345. The finding of the court is "that the allegations of fact in the complaint are not proved, and that defendant is entitled to the possession of the property described in the complaint, and that the value thereof is $345." This is sufficient to sustain the judgment in favor of defendant. If the finding was not sufficiently specific, the trial court should have been moved to make it so, otherwise the objection is waived. *Smith* v. *Pendergast,* 26 Minn. 318; *Bradford* v. *Bedbury,* 31 Minn. 163; *School-district* v. *Wrabeck,* 31 Minn. 77.

The evidence justified the finding. Certainly, the plaintiff cannot object that the court, in the absence of any testimony on the point, found the property to be of the value alleged in the verified complaint. To prove his right to the property defendant introduced in evidence the following Exhibit 1, executed by plaintiff at the time she delivered him the property:

"AUGUST 9, 1884.

"For the sum of one hundred and sixty-one dollars I hereby sell to Leo Blumenkranz one pair of ear-rings, diamonds.

"MRS. G. H. HEWITT."

The plaintiff then offered in evidence the following Exhibit A, executed by defendant to her contemporaneously with her execution of Exhibit 1.

"MINNEAPOLIS, August 9, 1884.

"For the sum of one hundred and sixty-one dollars we agree to sell to ———— one pair of diamond ear-rings, provided he call for the same within 30 days from date.        LEO BLUMENKRANZ."

This the court formally excluded, although the contents of this exhibit and all the facts connected with the transaction were fully proved by parol.

If admitted, Exhibit A would simply tend to prove that what appeared from Exhibit 1 to have been an absolute sale was merely a pledge for money loaned. But there was no evidence tending to prove that the plaintiff had ever redeemed or offered to redeem the pledge. The only evidence is that one Mackey, so far as appears a stranger to the transaction, and without any authority from plaintiff, having possession of Exhibit A, presented it to defendant and offered to pay him $161, whereupon defendant, not knowing Mackey, informed him that he had the property called for by the Exhibit, but that he (Mackey) would have to get the name of plaintiff signed to the ticket. Even if Mackey had, in fact, authority from plaintiff to redeem the property, defendant would have been entirely justified in refusing to deliver the property to him without some evidence of the fact. No valid demand on part of plaintiff, or unlawful refusal on part of defendant, can be made out of this. Therefore, had Exhibit A been admitted, the plaintiff would still have failed to establish any right to the possession of the property. Hence the exclusion of the evidence, if error, was error without prejudice.

The question of usury is not raised either by the pleadings or the evidence.

Judgment affirmed.