THOMPSON *et al.* v. SCHUSTER *et al.*

1. ESTOPPEL—JUDGMENT WHERE CAUSE OF ACTION IS SET UP AS A COUNTER-CLAIM—NEW SUIT.

A cause of action to recover damages for malicious prosecution having been once submitted to and passed upon by the court and jury, by way of counter-claim against an action for goods sold and delivered, is thereby extinguished, and cannot thereafter be litigated, affirmatively, in a new, independent action.

2. APPEAL—HARMLESS ERRORS.

Errors which could not prejudice the party assigning them cannot be considered by the appellate court.

Filed May 12, 1886.

Appeal from the district court of Lake county.

The facts are stated in the opinion.

*Kennedy Bros.* for plaintiffs and appellants.

The absence of probable cause was fully established, and that together with the facts that the attachment was unlawfully and wantonly sued out and that the debt was not due, that the affidavit for an attachment on its face showed there was no ground for an attachment, and the oppressiveness of the whole attachment proceedings was sufficient evidence on which to send the case to the jury to find whether or not there was any malice on the part of the respondents in suing out the attachment, and the court erred in taking it away from the jury.

The absence of all probable cause is in itself sufficient evidence of malice to justify the jury in finding that malice in fact existed on the part of A. N. Schuster & Co. and their agents and attorneys in suing out the attachment.

The jury are the exclusive judges of the malice of the defendant. Gee v. Culver, 6 Pac. Rep. 775; Stewart v. Sonneborn, 98 U. S. 193.

The jury may infer malice as a deduction of fact from a want of probable cause. Edgewood v. Carson, (Mich.) 5 N. W. Rep. 282; Blunt v. Little, 3 Mas. 108; McKown v. Hunter, 30 N. Y. 625; 2d Green, 1 Evidence, § 451; 39 Cal. 485.

*Winsor & Sweezey*, for respondents.

Malice must be proved the same as any other fact. Without malice although there may be no probable cause at all this action would not be maintained. Harkrader v. V. Moore, 44 Cal. p. 153; Anderson v. Coleman, 53 Cal. p. 188.

This is an action in which three things must unite in order for the plaintiffs to recover. The plaintiff must prove:

1. That he has been prosecuted by the defendant either criminally or in a civil suit, and that the prosecution is at an end.

2. That it was instituted maliciously and without probable cause.

3. That he has thereby sustained damage. Greenleaf on Evidence 14th edition, Section 449.

Now in this case the third element is entirely wanting, for we take it if there had been both malice and want of probable cause, still if the actual damage had been entirely recovered in another action, then this action could not be maintained.

· WILLIAM E. CHURCH, J.   This was an action to recover damages for malicious prosecution.   It appears by the record that the plaintiffs had become indebted to the defendants, A. N. Schuster & Co., in the sum of $1,294.25, for goods sold, of which they had paid $100; that $200 more was due; and that the balance of §1,294.25 had not yet matured.   An attachment was taken out for the whole $1,294.25, and levied upon a stock of goods, merchandise, books, and accounts of the plaintiff, thereby stopping their business, and causing them much damage.   The attachment was subsequently dissolved on the debtors' motion, and this action was brought.   Upon the maturity of the principal debt, A. N. Schuster & Co. brought suit for it against the present plaintiffs, and in that suit these plaintiffs set up as a counter-claim the damages sustained by reason of this attachment.   That action came on for trial in Minnehaha county (also in the Fourth judicial district) before the trial of the present suit.   The counter-claim was allowed, and damages awarded therefor by the jury in the sum of $1,200, by which amount the verdict for Schuster & Co. was reduced. Thereupon the defendants herein having previously filed an answer in this case, by leave of the court filed a supplemental answer, setting up the proceedings and judgment in the other suit; alleging the counter claim to have been "for the same cause of action, and grounds for the recovery of same, as set forth in the complaint herein against these defendants. [A. N. Schuster & Co.]"

Upon the trial of this cause, after introducing the attachment proceedings and testimony going to show want of probable cause, the plaintiffs offered evidence of special damages, which, upon objection of defendants' counsel, was excluded. The defendants offered no evidence, except the judgment on the former trial, which was admitted over plaintiffs objection that it was no bar, either as against Schuster & Co., or as against the defendants Soper & Skinner, who seem to have been the attorneys of the attaching creditors.   The abstract of the record furnished the court is imperfect in that it does not set forth fully this judgment in the former case, but we assume

that it sustained the facts alleged in the supplemental answer. as there is no suggestion to the contrary. The court thereupon directed a verdict for the defendants.

A motion was made for a new trial on the grounds of error: (1) in excluding evidence of special damages; ''(2) In ordering that the record of the actions set forth in the supplemental answer of A. N. Schuster & Co. constituted a bar to the recovery of special damages by the plaintiffs in this action;'' (3) In directing a verdict for defendants, there being clear evidence of want of probable cause, and because the question of malice should have been left to the jury. The motion was denied.

The errors assigned here are substantially those alleged in support of that motion. What appellant means by the second assignment of error above quoted we are unable to say. How the court ''ordered'' that the record referred to was a bar does not appear, but the other two assignments probably present the whole case. No doubt the court erred in excluding the evidence of special damages offered by plaintiffs, since it was within the case made by the complaint. We can only account for this ruling on the supposition that the presiding judge, having just recently tried the other case, and being thus personally in possession of the facts as set up in the supplemental answer, and aware of what the result must be, inadvertently anticipated the defendant's evidence. But we cannot see how the plaintiffs were injured by this error. The evidence subsequently introduced by defendants showed that plaintiffs had, by the verdict and judgment in the former case, received full satisfaction for the injuries complained of. Having set up their cause of action as a counter-claim in that suit, they were, of course, bound to exhibit all their damages there.

We see no material error in the proceedings, and the judgment is therefore affirmed. All concur: