REBECCA A. CUMMINGS *vs.* EDWARD G. ROGERS and another.

January 3, 1887.

**Trial by Court—Request for Specific Findings, when to be Made.—**
*Smith* v. *Pendergast*, 26 Minn. 318, and other cases, followed as to the
rule that, when findings of fact are incomplete, application for additional
or more specific findings must, in the first instance, be made to the trial
court.

**Specific Performance—Time of the Essence—Waiver—Refusal to Per-**
**form.**—This was an action for the cancellation of a contract for the sale
of land, in which time was made essential. *Held*, upon a consideration
of the findings of fact, that though the strict requirements of the contract
as to time were waived by plaintiff, so as to entitle defendants to reason-
able notice of her intention to terminate the contract upon non-perform-
ance on their part, yet that, by subsequently refusing to accept a prof-
fered conveyance from plaintiff on the sole ground that her title was not
good, (when it was in fact unexceptionable,) they waived and surren-
dered their rights to further time or notice, and thereupon the plaintiff
was justified in putting an end to the contract.

Appeal by defendants from an order of the district court for Ram-
sey county, refusing a new trial after a trial before *Brill*, J., without
a jury.

*Henry J. Horn* and *Emerson Hadley*, for appellants.

*J. M. Gilman* and *M. D. Munn*, for respondent.

BERRY, J.    1. The first error assigned, viz., the failure of the trial
court to make four certain findings of fact, is disposed of by the rule
which requires application to be made (as it was not in this case) to
the trial court for such additional or more specific findings as are
desired and deemed to be warranted by the evidence.    *Smith* v. *Pen-*
*dergast*, 26 Minn. 318, (3 N. W. Rep. 978;) *Bradbury* v. *Bedbury*,
31 Minn. 163, (16 N. W. Rep. 854;) *Hewitt* v. *Blumenkranz*, 33
Minn. 417, (23 N. W. Rep. 858.)

2. Upon a careful perusal of the record, we are of opinion that the
findings of fact cannot be said to be unsupported by the evidence.
This reduces the case to the question whether the findings furnish a
sufficient basis for the conclusions of law.    This is an action for the

cancellation of a written contract to sell certain land, the defendants in their answer praying specific performance. The contract, made October 25, 1884, shows a sale of the land by plaintiff, the owner thereof, to defendants, for $9,600, as follows: $200 earnest money, paid down; $4,600 cash on delivery of deed; and balance in two instalments. If the title was not good, the contract was to be void, and the $200 refunded; but if the title was good, and was not taken, the $200 to be forfeited. Time is made an essential condition, in that, if the defendants failed to pay the $4,600 on or before 15 days after date of contract, or failed to perform the agreement as to the deferred instalments, then all moneys paid were to be forfeited, and the plaintiff discharged from any liability under the contract, "which shall immediately become null and void," at plaintiff's option.

The court finds that when the contract was entered into plaintiff was, and ever since has been, owner in fee-simple of the land; that, some days prior to the expiration of the 15 days mentioned, plaintiff executed a proper deed of conveyance to defendants, and was ready to deliver the same and consummate the contract, of which facts defendants were notified before the 15 days expired. Defendants, having been advised that plaintiff's title was not good, were for that reason unwilling and not ready, within the 15 days, to receive the deed, make the payment, and give the securities for the deferred instalments, as provided in the contract, unless plaintiff would procure deeds from other parties, deemed necessary to perfect the title. Plaintiff was ready and willing to deliver the deed, upon defendants' performance, after the expiration of the 15 days, and down to November 25th, as defendants had notice; while, on account of the imagined defect of title, defendants were not ready to accept the deed, and carry out the contract on their part, until the latter part of February, 1885. The plaintiff never made any formal tender to defendants, nor any formal demand upon them, but, "in substance and effect," on November 25th, and before, offered to deliver said deed, and required defendants to consummate the contract on their part; and defendants, "in substance and effect," declined then to accept said deed, and make the payment, and deliver the securities, because of the supposed defect of title, but were willing and offered to accept

the deed and consummate the contract, if plaintiff would procure the other deeds before mentioned. Thereupon plaintiff "considered" the contract "at an end," of which fact defendants were then or shortly after notified.

These findings appear to justify defendants' contention that there was a waiver by plaintiff of the strict requirements of the contract as to the *time* of defendants' performance; and under a rule well established in this state,—*Austin* v. *Wacks*, 30 Minn. 335, (15 N. W. Rep. 409;) *Quinn* v. *Olson*, 34 Minn. 422, (26 N. W. Rep. 230;) *O'Connor* v. *Hughes*, 35 Minn. 446, (29 N. W. Rep. 152,)—as elsewhere, before defendants' rights under the contract could be cut off, they were thereupon entitled to reasonable notice of plaintiff's intention to terminate it. But this was a right which they might waive or surrender. If, upon plaintiff's readiness and offer to perform on her part, they utterly refused to take her conveyance, not upon the ground of want of reasonable notice, nor of the necessity of time to enable them to perform on their part, but upon the ground that the title which she offered was defective, when it was in fact perfect and unobjectionable, they took a position which rendered the matter of notice and time one of entire indifference. The plaintiff might then well say to them : "You have repudiated the contract. You have waived and surrendered whatever right you had to insist on further time, or notice of my intention to terminate the contract. You have, in effect, notified me that notice as well as tender is an idle and useless ceremony, which will have no influence on you, and which you do not require. I may therefore terminate it without previous notice, and abandon it as I now do." *Robson* v. *Bohn*, 22 Minn. 410 ; *Howland* v. *Leach,* 11 Pick. 151; *Carpenter* v. *Holcomb*, 105 Mass. 280 ; *School District* v. *Hayne*, 46 Wis. 511, (1 N. W. Rep. 170;) and see *Judd* v. *Skidmore*, 33 Minn. 140, (22 N. W. Rep. 183.)

Upon the application of these views to the facts found, we think the learned trial judge was justified in his conclusion of law that defendants were not entitled to specific performance, and that plaintiff was entitled to the cancellation of the contract and its record.

Order affirmed.