ETTA CORA REYNOLDS *vs.* GEORGE WADE REYNOLDS.

July 18, 1890.

**Trial by Court—Findings.**—A finding by the court that the allegations of the complaint are not established by the evidence is equivalent to a general finding that the facts are not as alleged.

**Same—Death of Judge—Subsequent Motion for New Trial.**—After a cause had been tried and decided by the court, the trial judge died. Upon a case made, a motion for a new trial was made before another judge, requiring a review and consideration of the testimony, which had been of a contradictory nature. *Held* that, in determining such motion, consideration should be given to the superior advantages of the trial judge for testing the credibility of witnesses.

**Divorce—Habitual Drunkenness.**—Habitual drunkenness, as a ground for divorce, must be shown to have been indulged in for one year "immediately preceding the filing of the complaint."

**Same—Evidence.**—Findings of the court *held* justified by the evidence.

Appeal by plaintiff from an order of the district court for Ramsey county, *Otis, J.,* presiding, refusing a new trial.

*C. D. & Thos. D. O'Brien,* for appellant.

*Flandrau, Squires & Cutcheon,* for respondent.

DICKINSON, J.    This is an action for a divorce on the grounds of habitual drunkenness and of cruelty.    The cause was tried before the Honorable Levi Vilas, who, after finding as to the matters in issue that "the allegations of the pleadings are not established by the evidence," directed judgment to be entered for the defendant.   Judge Vilas died soon after that; and upon a settled case a motion for a new trial was made before the Honorable Charles E. Otis, who had succeeded Judge Vilas in office.   Judge Otis, upon the case thus presented, denied the motion for a new trial; and from that order this appeal is taken.

The finding of fact by Judge Vilas, to the effect that the allegations of the complaint as to cruelty and habitual drunkenness were not established by the evidence, is equivalent to a general finding that, in respect to such matters, the fact was not as alleged.    *Hewitt*

v. *Blumenkranz,* 33 Minn. 417, (23 N. W. Rep. 858.) It appears from the memorandum of Judge Otis, filed with his order refusing a new trial, that he did not consider that he would be justified in granting a new trial unless, upon examination of the case, he should be of the opinion that the decision of Judge Vilas had been "clearly against the evidence;" that in reviewing the record of the evidence, which was very contradictory upon the principal issues in the case, he gave consideration to the fact that Judge Vilas, who heard the testimony and was able to observe the appearance of the witnesses, had by this means opportunities for determining the truth superior to any which the mere reading of the record could afford; that Judge Otis decided the motion on the ground that the decision under review was "supported by abundant proof," and that he did not consider the case just as he might have done if he had been called upon to determine the issues of fact in the first instance from the record of the evidence. It is hence urged that the plaintiff has been denied such a consideration of the case, upon the motion for a new trial, as she was entitled to. It is unquestionably true that if the motion could have been made, as is ordinarily done, before the judge who tried the case, he should have exercised his discretion in granting or refusing a new trial with regard not only to what the record may have shown the evidence to have been, but also, to some extent, by considerations which could not be embodied in the record, but which may have properly influenced his decision in the first instance, such as the appearance, demeanor, and apparent credibility of witnesses, where, the testimony being contradictory, the credibility of the witnesses is necessarily involved. The power which is accorded to trial courts to grant new trials rests largely upon the peculiar advantages which their presence at the trial affords to them for arriving at the truth of the matter in issue, and the justice of the result of the trial. *Hicks* v. *Stone,* 13 Minn. 398, (434.) No other judge can be placed in the same position in this respect; but when it has become impossible, as in this case, for the defeated party to invoke such a reconsideration of the case as the trial judge alone could give, it does not follow that, upon a motion for a new trial before another judge, the latter should determine the motion with regard only to his own opinion

as to the weight of the evidence as presented to him in the record. That would be to eliminate from the case important considerations, which the record shows must have been involved in the trial, and which properly may have influenced the mind of the trial court in deciding the matter in issue, and which presumably did do so. The trial of a cause is intended to be final, and the result is not to be set aside as erroneous unless it appears to be so. The result cannot be said to be apparently unjust unless there shall be taken into account all the circumstances which were involved in the case, and which must have rightfully influenced the trial court in its decision. The question of the credibility of the witnesses was one which, in this case, the trial court had necessarily to pass upon; and we think that its determination of the fact in issue, no error being shown, should be deemed decisive, unless, after making due allowance for the superior advantages of the trial court for judging of that, it still seems apparent that the result was clearly opposed to the weight of the evidence. We think, therefore, that Judge Otis was right in the view which he took of his duty in the premises. It may, however, be added that if, in such a case, the judge before whom the motion is made, and whose conduct must be to some extent regulated by his judicial discretion, should, in view of the whole case thus considered, grant a new trial, this court would not reverse his order unless we should deem the original decision or verdict to be very clearly supported by the preponderance of the evidence, taking into consideration the peculiar advantages of the trial court for testing the credibility of witnesses.

It cannot be said that the decision of Judge Vilas was not justified by the evidence, in view of the direct conflict in the testimony to which we have before referred, and of the further fact that there was no evidence presented on the part of the plaintiff of the drunkenness of the defendant subsequent to her separation from him in May, 1887, about a year and a half prior to the commencement of this action. The defendant's testimony was to the effect that, during a period which would cover about the last half of the year preceding the commencement of the action, he stopped drinking altogether. It was not, therefore, clearly proved—accepting as true the testimony on the

part of the plaintiff as to the defendant's habits prior to May, 1887—that he was addicted to habitual drunkenness *"for the space of one year immediately preceding the filing of the complaint,"* in which terms the statute defines this cause for divorce.    Gen. St. 1878, c. 62, § 6. While proof of a confirmed habit of drunkenness prior to the period thus defined is admissible as evidence bearing upon the issue, the statute cannot be construed as allowing a divorce for habitual drunkenness during any period prior to the year immediately preceding the filing of the complaint.    Its terms are so definite and unambiguous that it seems to us to be obviously susceptible of but one reasonable construction.    The meaning cannot be more plainly expressed than by repeating the very words of the statute.

Order affirmed.