## John Koktan vs. A. M. Knight.

### August 20, 1890.

Trial by Referee—Review of Order Granting New Trial on the Evidence.—The district court may vacate the findings and decision of a referee and grant a new trial, on the ground that the verdict is not justified by the evidence, as in other cases. And this court will not interfere to disturb the action of the trial court in granting a new trial for such cause, unless the evidence manifestly preponderates in favor of the decision vacated.

Appeal by plaintiff from an order of the district court of McLeod county, *Edson*, J., presiding, granting a new trial, after trial by a referee, and judgment of $156.08 ordered for plaintiff. The action was brought to recover the amount for which one Dewees, to whom the plaintiff's note, mentioned in the receipt recited in the opinion, had been indorsed by defendant before maturity, had recovered judgment in a suit on the note.

*G. M. Nelson*, for appellant.

*Little & Nunn*, for respondent.

Vanderburgh, J. The case was tried by a referee, who found for the plaintiff, and thereafter, on defendant's motion, the report of the referee was set aside, and a new trial granted by the district court, and plaintiff appeals.

There is evidence in the case tending to prove that during and since the year 1883 the defendant was acting as an attorney in procuring and

contesting homestead entries at the United States land-offices; that certain questions had arisen as to the right of the Hastings & Dakota and the St. Paul & Pacific Railroad Companies in respect to their rights to certain lands in their land-grant and indemnity limits. And, prior to the date of the contract hereinafter mentioned, the defendant had made application for a homestead entry of the land in question here, lying within such limits, in the name of one Daniel Palmer. His application had been rejected by the local land-office, and he had taken an appeal to the commissioner of the general land-office, which raised a contest of the right of the railway companies to the land, which was pending when the note and agreement set forth in the record and in controversy here were executed. In March, 1883, plaintiff applied to defendant for his advice and assistance in respect to securing an entry of the same land for himself. Defendant's evidence tends to show that, after informing plaintiff of the claims of the railway companies and the claim of Palmer, controlled by himself, he agreed to undertake plaintiff's case, and the latter executed to him his note for $100, the amount of which plaintiff seeks to recover in this action, and defendant executed to plaintiff the following instrument, briefly reciting the agreement entered into by them: "Received of John Koktan one promissory note for $100, on account of attorney's fees in obtaining a homestead entry on N. E. ¼ of N. W. ¼, sec. 15, 116, 28, and note to be cancelled and delivered back if no entry is made; otherwise to be paid in full. A. M. KNIGHT." The defendant testifies that in February or March, 1886, he was notified by his attorneys at Washington that the contest with the railway companies had been decided in his favor, and that he thereupon wrote to a neighbor of plaintiff (because the latter could not speak English) to notify plaintiff to go with him to the clerk of the court, and have his homestead application made out and forwarded to the land-office for entry of the land, with the necessary fees. Plaintiff admits that he did accordingly go to the clerk with the neighbor referred to, who had received such notice from defendant, and procured and forwarded his application, which was accepted at the land-office, and his entry perfected and ratified, and the land secured as contemplated by the parties. Defendant had previously filed an application for plaintiff,

which had been rejected because of the previous claim of Palmer; but he now asserts that the latter claim was not prosecuted by him, and was waived, in order to allow the plaintiff to secure the homestead. It does not appear that the employment or agency of the defendant on plaintiff's behalf had ceased or been abandoned when the plaintiff's entry was made. It may be inferred that the relation of attorney and client still existed. Whether the evidence in his behalf is conclusive we need not determine in considering the question whether the court erred in granting a new trial. The trial court may vacate the decision of a referee and grant a new trial, on the ground that the decision is not justified by the evidence, as in other cases. Gen. St. 1878, c. 66, § 253. It is true the position of the court is not as favorable as in cases tried in its presence, for obvious reasons, yet the appellate court ought properly to respect the opinion of the trial judge upon the question of the weight of the testimony and the propriety of a new trial under the state of the evidence as presented to and reviewed by him. It will not therefore interfere to reverse his order unless the preponderance of the evidence is manifestly in opposition thereto. *Reynolds* v. *Reynolds, supra,* 132. And we are of the opinion that upon the record here presented it was fairly within the sound discretion of the court, if it was not clearly his duty, to grant a new trial in the case.

Order affirmed.