FREDERICK HUGHLEY v. CITY OF WABASHA.[1]

July 9, 1897.

Nos. 10,599—(227).

New Trial—Discretion—Successor of Trial Judge.

Where a motion for a new trial on the ground of the insufficiency of the evidence to justify the verdict is made before a judge other than the one who tried the cause, it is his right and duty to exercise the same discretion in determining whether the motion should be granted as if the cause had been tried by himself, with the proviso or qualification that such discretion must be exercised entirely with reference to the evidence disclosed by the record, as he can know nothing else as to what occurred or appeared at the trial.

Same—Rule in Hicks v. Stone, 13 Minn. 398 (434).

If, in such case, the judge grants a new trial, in determining whether or not he abused his discretion this court will apply the rule in Hicks v. Stone, 13 Minn. 398 (434), having in mind, however, that such discretion must have been exercised exclusively upon what the record discloses.

Injuries to Servant—Degree of Care Required of Master.

Certain parts of the charge of the court *held* to have been, under the evidence, inaccurate and misleading upon the subject of the degree of care which the defendant owed the plaintiff as its servant.

Appeal by plaintiff from an order of the district court for Wabasha county, Snow, J., granting defendant's motion for a new trial,

1 Reported in 72 N. W. 78.

after a verdict in plaintiff's favor for $3,500, on a trial before Gould, J. Affirmed.

*P. Fitzpatrick* and *Brown & Abbott*, for appellant.

*J. W. Steel*, City Attorney, and *McGovern & Murdoch*, for respondent.

MITCHELL, J.

This was an action to recover damages for personal injuries caused by the alleged negligence of the defendant. The defendant owned and operated a cable ferry across the Mississippi river. The plaintiff was employed to assist in freeing the ferryboat from the ice which hemmed it in on the Minnesota shore, and was directed by those in charge of the work on behalf of the city to go out upon the ice on the upper side of the boat, and break it into pieces with a pike pole, and push the pieces around the outer end of the boat into the channel of the river, and thus relieve the pressure on the boat. While plaintiff was engaged in this work, the current of the river, the weight of the boat, and the amount of ice which impinged upon it produced such a strain on the rope which connected the windlass on the outer end of the boat with one of the pulleys on the cable as to cause the cable to bow down stream, and finally to cause the rope to break. The result was that the cable, being relieved of the strain, recoiled, and struck the plaintiff, causing the injuries complained of. The negligence charged against the defendant was the use of an old rope of inadequate strength for the purposes to which it was applied. The trial resulted in a verdict for the plaintiff. The defendant moved for a new trial on the grounds of (1) excessive damages, (2) errors in law occurring during the trial, and duly excepted to, (3) that the verdict was not justified by the evidence. From the order granting a new trial the plaintiff appeals.

1. All that it is necessary to say regarding the evidence is that, while it was sufficient to sustain the verdict, it did not so manifestly and palpably preponderate in favor of the verdict that we could reverse the order granting a new trial if the familiar rule of Hicks v. Stone, 13 Minn. 398 (434), is applicable.

The new trial was granted, not by the judge who tried the case, but by his successor, and the contention of the plaintiff is that for that reason Hicks v. Stone does not apply; that the judge who

granted defendant's motion would know nothing of the atmosphere of the trial, or of the appearance and manner of the witnesses, and was, therefore, in no better position to pass upon the evidence than this court is; and hence, as we understand counsel, all he had a right to do was to determine from the record whether there was any evidence reasonably tending to support the verdict, precisely as this court could have done had the motion for a new trial been denied. If this is so, then in every instance where there is a change of incumbent of the office of district judge between the trial and the motion for a new trial the party loses the valuable legal right of having the trial court exercise its judicial discretion in determining whether a new trial ought to be granted,—a discretion which an appellate court does not possess, its sole function being to determine whether or not there was evidence reasonably tending to support the verdict.

Where a motion for a new trial is made before a nisi prius judge in a cause which has been tried before another judge, or before a referee, he has the right, and it is his duty, to exercise the same discretion in determining whether the motion should be granted as if the cause had been tried before himself, with the proviso or qualification, however, that such discretion must be exercised entirely with reference to the evidence disclosed by the record, as he can know nothing else as to what occurred or appeared on the trial. And if he grants a new trial, this court, on appeal, in determining whether he did or did not abuse his discretion, will apply the rule of Hicks v. Stone, having in mind, however, that his discretion must have been exercised exclusively upon what the record discloses. This is substantially the doctrine of Reynolds v. Reynolds, 44 Minn. 132, 46 N. W. 236, and Koktan v. Knight, 44 Minn. 304, 46 N. W. 354.

The case last cited might seem to indorse the proposition that the judge before whom the motion was made would not be justified in granting a new trial unless the decision or verdict was clearly "against the evidence"; but in that case the judge held that the decision of his predecessor "was supported by abundant evidence," and in affirming his order denying a new trial this court recognized the rule that in such a case a judge must exercise his discretion, and if he should, in view of the whole case, grant a new trial, we

would not reverse his order, unless we should deem the original decision or verdict to be "very clearly supported by the preponderance of the evidence." On this ground, if no other, the order appealed from must be affirmed.

2. We are also of opinion that a new trial was properly granted on the ground of error in the charge of the court. It would be unreasonable to require in the oral charge of a nisi prius judge that verbal inerrancy which many theologians do not concede even to inspired writings. All that is required is that the charge as a whole shall convey to the jury a clear and correct understanding of the law of the case. If it does this, mere verbal inaccuracies ought to be overlooked. But while we might not assent to all the criticisms of the judge who granted the new trial upon the charge of the court, yet there are portions of that charge which are so inaccurate as to be liable to mislead the jury, or so conflicting and obscure as to leave them in doubt as to the rules of law which they were to apply to the evidence. For example, in one place the court instructed the jury that

"It was the duty of the defendant city to furnish the plaintiff a safe place in which to perform his services; and if it appears from the evidence that the rope in question was defective in any of the particulars stated in the complaint, and that such defect was the cause of the accident to the plaintiff, and that the city knew of such defect, or ought to have known of it, the defendant city is negligent."

In view of the fact that the sole negligence charged against the city was the use of an unsafe rope, the instruction that it was its duty to furnish plaintiff a safe place in which to work was, to say the least of it, very liable to be misunderstood by the jury. While we may infer from what follows that what the court had in mind was safety from danger on account of a defective rope, yet, under the particular state of the evidence, the jury might have understood it as referring to the condition of the ice upon which plaintiff was working. Again, the instruction was clearly liable to the construction that the defendant owed to plaintiff the absolute duty to furnish him with a reasonably safe place in which to work, while the correct rule of law is that it is the duty of the master to exercise reasonable care to furnish his servant a safe place in which, and

safe instrumentalities with which, to work. Probably this was what the learned judge had in mind, but he failed to state the rule correctly.

In another place the court instructed the jury as follows:

"If the rope in question was defective, and unfit for the use to which it was put, and such defects would have been discovered by an inspection of the rope, and were the cause of the plaintiff's injury, the defendant city was negligent in using said rope at the time in question, whether it had been notified of the defects or not; that is, they were charged with the duty of making an inspection and taking notice of those natural laws affecting the running of the boat which are the subject of common knowledge."

It would be rather difficult for the jury to obtain from this a clear or accurate understanding of the precise nature and extent of the duty which the defendant owed the plaintiff in regard to inspection of the rope. The instruction was liable to convey to their minds a very incorrect and exaggerated idea of defendant's duty in that regard. It is true that it was followed by a further instruction, which correctly states the law, that:

"If the rope in question was likely to become old, worn, and rotten, it was the duty of the defendant city to exercise reasonable care to see that it did not get into such condition; and, if frequent inspection was required to ascertain its condition, it was negligence of the defendant to fail to make such inspection."

In several places in the charge an inaccurate and misleading statement of the law is thus followed by, or coupled with, another statement that is entirely accurate. But it is impossible to say that the vice in the incorrect instructions was cured by the correct ones which followed, or that from the charge as a whole the jury obtained a full and accurate understanding of the rules of law applicable to the case.

We are therefore of opinion that a new trial was also properly granted on the ground of errors of law occurring during the trial.

In view of what is said in the memorandum of the judge on the subject of proximate cause, it may be well, with reference to another trial, to call attention to what is said by this court in the third subdivision of the opinion in Christianson v. Chicago, 67 Minn. 94, 69 N. W. 640.

Order affirmed.