FRANK F. PRICE v. F. L. CHURCHILL.[1]

December 6, 1901.

Nos. 12,768—(140).

**New Trial—Evidence.**

Evidence examined and considered, and *held* not so clearly in favor of the findings of the trial court as to render an order granting a new trial on the ground that the same was insufficient to sustain the findings reversible as an abuse of discretion.

Action in the district court for Itasca county to enforce a

1 Reported in 88 N. W. 11.

lumberman's lien.  Defendant Churchill defaulted and Carney Brothers Company intervened, claiming ownership of the property free of incumbrance.  The case was tried before Holland, J., who found in favor of the intervenor.  From an order, McClenahan, J., granting a motion for a new trial, the intervenor appealed.  Affirmed.

*M. H. McMahon*, for appellant.

*True & Rindahl*, for respondent.

BROWN, J.

Action to foreclose a lien.  It was tried before Judge Holland, of the Fifteenth judicial district, without a jury, who made findings of fact and conclusions of law, ordering judgment for the intervenor.  Thereafter plaintiff moved before Judge McClenahan, successor in office to Judge Holland, for a new trial of the action on the ground, among others, that the findings of fact were not justified by the evidence.  The motion was granted, and the intervenor appealed.

The only question in the case is whether the evidence is so clearly in favor of the findings of Judge Holland as to make it an abuse of discretion on the part of Judge McClenahan, his successor, to grant a new trial.

That the motion for new trial was one addressed very largely to the discretion of the latter is settled by the decisions of this court in Reynolds v. Reynolds, 44 Minn. 132, 46 N. W. 236; Koktan v. Knight, 44 Minn. 304, 46 N. W. 354; Hughley v. City of Wabasha, 69 Minn. 245, 72 N. W. 78.  We have examined the evidence presented in the record with care, and are unable to reach the conclusion that there was an abuse of discretion in granting the new trial.  The evidence contained in the record is very voluminous, and it is unnecessary to review it, or point out wherein the findings are not in fact fully justified.

The rule for reviewing orders of this nature does not require this court, by a discussion and analysis of the evidence, to demonstrate the absolute correctness of the conclusions of the court below.  All that we are required to do is to examine the evidence fully for the purpose of determining whether it is so clearly

against the decision of that court as to warrant the conclusion that the order complained of was an abuse of discretion. This we have done, and find no reason for disturbing the order appealed from. The rule of Hicks v. Stone, 13 Minn. 398 (434), applies.

Order affirmed.