HIRAM D. BROWN and Another v. E. P. ROBERTS and Others.[1]

October 23, 1903.

Nos. 13.504—(15).

**Failure of Consideration.**

A partial want or a partial failure of consideration can be shown, if properly pleaded, as a defense pro tanto to a negotiable instrument in the hands of the original payee, or of a party standing in his shoes.

**Finding of Court.**

A finding that "the allegations of the answer are not proven" is the equivalent of a general finding that the facts are not as alleged in the

[1] Reported in 96 N. W. 793.

answer, and is sufficient, except as against a motion to make it more specific.

**Bank Check.**

> In this, an action upon a check, it is *held* that the answer alleges facts constituting the defense of a partial want of consideration; that the trial court heard and determined such defense, and found that the facts were not as alleged; and that the finding is sustained by sufficient competent and relevant evidence.

Action in the municipal court of St. Paul to recover $87.74 and interest upon a bank check for $86 drawn by defendants to the order of plaintiffs and protested for nonpayment. The case was tried before Hine, J., who found in favor of plaintiffs for the amount of the check with interest. From a judgment entered pursuant to the findings, defendants appealed. Affirmed.

*Edward B. Graves,* for appellants.

*H. A. Hageman,* for respondents.

START, C. J.

Appeal by defendants from a judgment of the municipal court of the city of St. Paul. The complaint alleges that the defendants, for value received, made and delivered their check to the plaintiffs, wherein and whereby they directed the Minnesota Loan & Trust Company to pay to their order $86; that the plaintiffs duly indorsed the check, and it was duly presented to the drawee for payment, which was refused for the reason that the defendants had stopped payment thereof, and thereupon the check was protested for nonpayment, and notice duly given; and, further, that no part of the check has ever been paid. The answer admits the making of the check, the stopping of payment thereof by the defendants, and that it was duly presented for payment and has never been paid. The answer then alleges, in substance, that the defendants ordered from the plaintiffs three hundred membership certificates, for the agreed price of $51, for which sum, and no more, they were indebted to the plaintiffs; that the check for $86 made and delivered to them included a present to them of $35, for which there was no consideration whatever, and that the plaintiffs were so notified when the check was delivered to them; and, further, that before the check was presented for payment the defendants decided not to make them a

present of $35, and stopped payment of the check. The reply alleged, in effect, that the price of the certificates was seventeen cents each, $51, plus the reasonable cost of engraving the plate, which was $35, and that the check was given for the amount of the plaintiffs' bill, $86.

The cause was tried by the court, and findings of fact and conclusions of law made, wherein the court found as facts that the check was made and delivered as alleged in the complaint; that it was duly presented for payment, which was refused, and that no part thereof has ever been paid; and, further, "that the allegations of the answer are not proven"; and, as a conclusion of law, that plaintiffs were entitled to judgment against the defendants for $86. The defendants then moved the court to amend its findings of fact by substituting for them findings of certain evidentiary facts, and to find, as a conclusion of law, that defendants were entitled to judgment. The motion was denied. The defendants here claim that their answer alleged a partial want of consideration for the check, to the extent of $35; that this was a good defense; and that the trial court ignored this defense, and refused to make any findings thereon, although evidence was offered in support of the defense on the trial. If this claim is supported by the record, the action of the trial court was reversible error.

Whatever doubt there may have been at one time as to the question, it must now be held, in view of later decisions of this court, that a partial want or a partial failure of consideration can be shown, if properly pleaded, as a defense pro tanto to a negotiable instrument in the hands of the original payee, or of a party standing in his shoes. Stevens v. Johnson, 28 Minn. 172, 9 N. W. 677; Torinus v. Buckham, 29 Minn. 128, 12 N. W. 348. While a distinction has sometimes been made between a partial failure of consideration and a partial want of consideration, it has been quite uniformly held that the latter is always a defense pro tanto as between the original parties to the instrument. 4 Am. & Eng. Enc. (2d Ed.) 195; 1 Daniel, Neg. Inst., § 201.

The answer of the defendants, then, stated a defense pro tanto, and they were entitled to have their defense heard and passed upon by the court, and the only question of any practical importance raised by the assignments of error is whether the court did so hear and pass upon the defense. The court certainly held that the answer stated a defense pro tanto, for it denied plaintiffs' motion for judgment on the

pleadings, and received the evidence of the defendants in support of their defense. The burden was upon the defendants to establish their defense, as the answer admitted a prima facie case; that is, the making, delivery, and nonpayment of the check. Whether or not the defendants sustained their defense depends upon the question whether at the time the check was delivered, they owed the plaintiffs $86, or only $51. The evidence shows that the plaintiffs demanded from defendants payment of their bill, $86; that the defendants then sent the check to them for the full amount of the bill, but stated in the letter of transmittal that $51 was in payment of the bill, and the balance, $35, was sent as a present, as they did not care to be involved in any possible litigation or controversy. Now, if in fact the defendants owed the full amount of $86, their simple statement that the $35 was a present would not make it so. There would be no partial want of consideration, for in that case the check would be for the exact amount the defendants were bound to pay. The evidence was conflicting as to the true amount of the bill, but it is ample to sustain a finding against the defendants on the question.

This leaves only the question whether the trial judge passed upon the evidence, and found upon the issues tendered by the answer. The record shows that he did so, for he expressly found that "the allegations of the answer are not proven." This form of an omnibus finding as to specific issues is not to be commended. Nevertheless it is the equivalent of a general finding that the facts are not as alleged in the answer, and is sufficient, except as against a motion to make it more specific. Hewitt v. Blumenkranz, 33 Minn. 417, 28 N. W. 858; Reynolds v. Reynolds, 44 Minn. 132, 46 N. W. 236.

No motion was made to have the court find specifically the amount of the defendants' indebtedness at the time the check was delivered, and we hold that the trial court did hear and find upon the issues tendered by the answer. It must be admitted that there are certain statements in the memorandum of the trial judge, which, if considered without reference to other portions thereof, tend to substantiate the claim of the defendants, but the memorandum is no part of the findings.

Several errors are assigned and urged as to the rulings of the court in admitting evidence. We have examined them, and hold that the

findings of fact are sustained by sufficient competent and relevant evidence, and that the record shows no reversible errors.

Judgment affirmed.