TOWN OF BELLEVUE v. JAY HUNTER and Another.[1]

August 7, 1908.

Nos. 15,735—(229).

**Highway—Obstruction—Injunction.**

Action to enjoin the obstruction of an alleged highway.   The complaint alleged the existence of a public highway at the point where the obstructions were placed, which was denied by the answer.   The trial court made findings of fact to the effect that there was no evidence sufficient to show that the locus in quo is a public highway, by statutory proceedings, or dedication, or statutory user, and as a conclusion of law judgment was directed for the defendant.   *Held*, that the findings are, in legal effect, that the allegations of the complaint that the locus in quo is a public highway had not been proven, and that they support the conclusion of law.

**Burden of Proof.**

The fact that the town officers opened a roadway, by cutting out the brush therein, believing that it followed along a section line over which a highway had been laid, was not sufficient to place upon the defendant the burden of proving that the locus in quo was not a public highway.

**Evidence.**

The findings of fact are sustained by the evidence.

[1] Reported in 117 N. W. 445.

Action in the district court for Morrison county to enjoin the maintenance by defendants of an obstruction in a certain highway. From a judgment entered pursuant to an order, Taylor, J., dismissing the action, plaintiff appealed. Affirmed.

*Arthur P. Blanchard,* for appellant.
*Stewart & Brower,* for respondent.

START, C. J.

This action was brought in the district court of the county of Morrison to enjoin the obstruction of an alleged highway of the town. The case was tried by the court without a jury, and findings of fact and conclusions of law made, and judgment directed for the defendant. The plaintiff then made a motion for amended findings of fact and conclusions of law, so as to find, in effect, that the locus in quo was a public highway and to direct judgment for the plaintiff. The motion was denied, and judgment entered in favor of the defendant, from which the plaintiff appealed.

The findings of fact here relevant are substantially as follows: That in 1898 a highway was duly laid out and established by the town along the section line between sections ten and fifteen in the town, extending from the southwest corner of the southeast quarter of section ten east to the east line of the sections, where it connected with a road running north and south along such east line; that such highway extends across a marsh for some thirty rods at or near its west end, and through brush and timber for the remainder of its length; that after laying out the highway, and in 1898, the town opened the same by grading a roadway across the marsh and cutting the trees and brush out of the roadway from the marsh to the road running north and south; that the roadway so graded and cut out was along what was then believed to be the line between sections ten and fifteen; that from 1898 to the present time the highway has been continuously traveled and kept in repair along the roadway so graded across the marsh; that from the marsh to the east line of the sections the roadway so cut out as aforesaid has at all times been traveled to some extent, but no work has been done on that part of the road, except that five or six years ago brush along the same was again cut out under authority from defendant, who was then road overseer;

that the larger portion of the travel along such highway followed the graded portion of the same across the marsh, and from there to the north and south road it followed a route lying north and outside the limits of the road opened up by the town, which route extended in an irregular line across the southeast quarter of section ten; that the travel along the route last mentioned continued from the laying out of the highway until three years ago, and since then fences constructed on the southeast quarter of section ten have prevented further travel along that route, and since then all the travel has followed the roadway cut out by the town, except as the same has been prevented by the obstructions placed therein by defendant, who is the owner of the northeast quarter of section fifteen; that the defendant has built and maintains a fence, so as to wholly prevent travel along any portion of the roadway cut out by the town and traveled as aforesaid, except that portion of the same graded across said marsh; that the defendant has built his fence two rods south of the line that he claims is the true line between sections ten and fifteen, and has left unobstructed a strip two rods in width on the south side of the line for the purpose of a highway; that the roadway graded across said marsh as hereinbefore stated is not obstructed, and will be within the external limits of the highway in case it is located along the line that defendant claims is the true line between the sections; that the owner of the southeast quarter of section ten claims that the true line between the sections is the line along which the highway was graded and cut out and opened by the town in 1898; that there is no sufficient evidence to show that the portion of the roadway so obstructed by the defendant is on the line of the highway laid out by the town, and no evidence sufficient to show a dedication by defendant of a highway along the line, east of the marsh, cut out and opened by the town; that the general course of travel between the marsh and the north and south road has not been, until within the last three years, along the roadway so cut out and opened, and for that reason there is no sufficient evidence to establish a highway along this line by user for more than six years; and, further, that the portion of the highway extending from the east side of the marsh to the west end of the highway has been established and become a legal highway by having been used and kept in repair for more than six years.

The first question to be considered is the effect to be given to the finding of the trial court that there is no evidence sufficient to show that the portion of the highway east of the marsh, as cut out and opened by the town, is on the line between the sections, or to show a highway by dedication or by statutory user. The plaintiff claims in this connection that: "The road having been properly laid out as found by the court, having been established at this place as being on the line, * * * the burden of proof was on the defendant to show that it was not on the line, and not on the plaintiff to show that it was. This finding of the court is not a finding that it is not on the line, and, taken in conjunction with the other findings of fact, amounts to a finding that at the place in question there is a highway by virtue of statutory proceedings." On the other hand, the claim of the defendant is, in substance, that such finding is, in legal effect, that the allegation of the complaint that the locus in quo is a public highway had not been proven. We are of the opinion that the contention of the defendant is correct. Hewitt v. Blumenkranz, 33 Minn. 417, 23 N. W. 858; Reynolds v. Reynolds, 44 Minn. 132, 46 N. W. 236; Watson v. Chicago, M. & St. P. Ry. Co., 46 Minn. 321, 48 N. W. 1129; Brown v. Roberts, 90 Minn. 314, 96 N. W. 793.

Counsel for the plaintiff, however, urges that the cases cited are not in point, for the reason that a finding that there is no evidence to show a certain fact is a very different thing from saying that all the evidence, taken together, is insufficient to establish that fact. It would seem that the greater would include the less, and, if there was no evidence to show an alleged fact, it would follow that there was not sufficient evidence to establish (to show) the fact. It is also suggested that such a finding is not sufficient as against a motion to make more definite. There is no assignment of error to the effect that the court erred in refusing to make the finding more definite. Nor was any motion to that effect made in the district court, except moving the court to find certain alleged evidentiary facts set out in the notice of motion. It is true that the court was asked, in case the proposed findings did not strictly conform to the facts, to make complete findings upon the question of dedication, and the acts done, performed, and bearing on the question, and full and complete findings on the

condition of the road; that is, to find evidentiary facts, not the ultimate fact whether the locus in quo was a public highway.

It follows that the contention of the plaintiff that all of the findings of fact, taken together, amount to a finding of the ultimate fact "that at the place in question there is a highway by virtue of statutory proceedings," rests upon the assumption that the burden was on the defendant to show that the line of roadway opened east of the marsh, by cutting out the brush, was not on the section line, where the road was laid. Obviously such burden was not on the defendant. The complaint alleged that the locus in quo was a public highway, and this allegation was put in issue by the answer. This was the main issue, and the plaintiff was bound to establish the existence of a highway at the place where the obstructions were placed. A highway was laid upon the section line, and the officers of the town believed that a roadway which they cut out was along the section line, where a highway had been laid; but neither their act nor their belief was proof that the point of the obstruction was where the highway was laid. Nor was the burden of establishing the negative of the issue thereby shifted to the defendant, for the presumption that he did not violate the law and obstruct a public highway is just as forcible as the presumption that the public officers did their duty, if any presumptions can arise in such a case. Therefore the findings of fact must be, and are, construed as a finding of the ultimate fact that the locus in quo was not a public highway. So construed, they sustain the conclusion of law.

This leaves for consideration only the question whether the evidence was such that the plaintiff was entitled, as a matter of right, to have the findings of fact amended as requested—that is, so as to find that the locus in quo was a public highway—or at least to a new trial. We discover no evidence which would justify, much less require, a finding that the locus in quo is a highway by a common-law dedication. Whether it is such by either statutory proceedings or statutory user, or dedication, as it is sometimes called, is a more serious question. Upon a consideration of the whole evidence, we have reached the conclusion that the findings of fact are sustained by the evidence. We so hold.

Judgment affirmed.