## GILBERT F. THOELE, DOING BUSINESS UNDER THE FIRM NAME AND STYLE OF THOELE PRINTING COMPANY v. LAVALLEE LAW BOOK COMPANY.[1]

May 4, 1923.

No. 23,353.

**Action not premature.**

1. The action was not brought prematurely.

**Plaintiff's cost sheet admissible on issue of value.**

2. No reversible error was made in receiving in evidence a shop record of plaintiff showing the cost to him of the production of the article, the value of which was in issue.

**Evidence of agreement not conclusive.**

3. The evidence does not compel a finding that the agreement pleaded as a defense was made.

**Construction of finding.**

4. The finding that, aside from the facts specifically found, the allegations in the pleadings are not proven, is equivalent to a finding that the agreement set up in the answer was not made.

Action in the municipal court of St. Paul to recover $171 for labor and material furnished in printing booklets and blotters. The case was tried before Rounds, J., who made findings of fact and ordered judgment for the amount demanded. From an order denying its motion for a new trial, defendant appealed. Affirmed.

*Henry C. James*, for appellant.

*Harry A. Hageman*, for respondent.

[1]Reported in 193 N. W. 469.

Holt, J.

The action is to recover a balance of $171 for labor and material furnished by plaintiff in printing 5,000 booklets and certain blotters for defendant. The answer denied the alleged value and agreed price stated in the complaint, and averred that after the work had been done the parties entered into an agreement of settlement under which defendant paid $200 and was to pay $66 more when plaintiff returned certain plates and personal property, but that he has wholly failed so to do. Findings were in plaintiff's favor and defendant appeals from the order denying its motion for amended findings or a new trial.

There is no real merit in the contention that the action was prematurely brought, in that certain plates obtained from the Pioneer Printing Company for use in printing the booklets were not returned to that company until after the service of the summons herein. The evidence fails to disclose that a return of the plates to that company was to be a condition precedent to payment for the booklets. At any rate, the plates had been returned prior to the trial. There was no dispute at the trial as to the price to be paid for the blotters.

Over objection the so-called cost sheet of the booklet job was received in evidence. This showed the cost each day to plaintiff of the labor and material as the same went into the production of the booklets. It is true enough that the cost to plaintiff was not the measure of recovery. But it is also true that the ordinary market price of the labor and material required to produce an article tends to fix the price of that article, and may be considered in arriving at its reasonable value. It may be conceded that, as evidence in chief, the foundation for the introduction of this cost sheet was very meagre. However, no objection on that score was made, and we are of opinion that its reception could in no event have prejudiced defendant, in view of the expert evidence of both parties as to the reasonable value of the booklet job. It appears from plaintiff's as well as from defendant's expert witnesses that, in forming an opinion as to value they, one and all, estimated the cost of labor and material that entered into the production of the article, adding

thereto the overhead and a certain per cent as profit. Defendant vigorously assails this method, but no other way to prove value seems appropriate and feasible in respect to a job of the character in question. This is quite different from ascertaining the reasonable value of commodities having current market prices like wheat, coal, iron or staple manufactured products.

The doubtful question in the case is whether the finding that the allegations of the answer were not proven in respect to the defense that the parties had entered an agreement whereby, after the booklets were furnished, the dispute as to the amount to be paid therefor was settled. No doubt, if the dispute which arose in regard to the pay for the work was adjusted by a new agreement, the cause of action here in suit terminated or was transformed into a new cause of action upon which alone suit must be based, even though thereafter disputes have arisen as to the terms of the new agreement, or there has been a failure by either party to comply with its terms. Hanley v. Noyes, 35 Minn. 174, 28 N. W. 189; Ward v. Allen, 138 Minn. 1, 163 N. W. 749. Two letters passing between the parties subsequent to the alleged agreement and also a bill for the work, upon which defendant's representative had inserted other figures for the ones made by plaintiff, and on which, after such change, plaintiff's agent affixed his signature, strongly support the defense on this issue. It may also be said that the oral testimony of plaintiff's witnesses in a measure sustains the view that there was at least a conditional adjustment. But the burden was upon defendant to prove this defense, and it must be admitted that the testimony of its representative on this proposition is so barren of a clear and clean-cut statement of what was said and done at the time in question and so discursively mingled with irrelevant matters, arguments and conclusions that we are unable to say that the trial court was wrong when finding the alleged agreement not proven.

The point that the court did not make any finding on the issue of the making of such agreement is not well taken, for the court finds all the allegations in the pleadings, except those specifically set forth as found, not proven. This is equivalent to a finding that

the agreement pleaded had not been made. Reynolds v. Reynolds, 44 Minn. 132, 46 N. W. 236; Brown v. Roberts, 90 Minn. 314, 96 N. W. 793. In Bahnsen v. Gilbert, 55 Minn. 334, 56 N. W. 1117, the finding was that the allegations of the complaint were true, without any findings as to the issues presented by the other pleadings; and in State v. Germania Bank of St. Paul, 103 Minn. 129, 114 N. W. 651, also cited by defendant, the court expressly declined to find upon a material issue presented.

The order is affirmed.