Laughran & Dillon agt. Orser.

---

## SUPERIOR COURT.

### LAUGHRAN & DILLON agt. ORSER, Sheriff.

If an action be brought in a court of record against a sheriff for not returning an execution, and the plaintiff recovers less than $50 damages, he must pay the costs of the action. It is not one of the *actions of which, according to section* 54 of the Code, a justice of the peace has no jurisdiction. This result must follow even if it be conceded that section 53 is not sufficiently comprehensive to confer jurisdiction of such an action on a justice. Subdivision 3 of section 304, cannot be construed as referring to section 53, as well as to section 54.

Section 53 does not grant jurisdiction of any action in which the amount *claimed* exceeds $100. Section 304 does not permit the amount *claimed* to affect the question of liability for costs, but only the amount recovered, unless the action be one of those enumerated in section 54, or one of those in which, by sub. 4 of section 304, a party recovering less than $50, will recover as much costs as damages.

*February 27th*, 1858.

*Before* BOSWORTH, HOFFMAN, WOODRUFF *and* PIERREPONT, *Justices.*

THIS action comes before the court, on an appeal from an order made by Mr. Justice PIERREPONT, declaring that the clerk erred in adjusting the costs of the action in favor of the plaintiffs, and directing that the clerk adjust defendant's costs of the action and insert them in the entry of judgment in the judgment roll.

The complaint shows that the plaintiffs recovered judgment in the supreme court, against one Ricius N. Hurley, for $311.66, on which an execution was issued against his property and delivered to the defendant to be executed, he being then sheriff of the city and county of New-York. That an attachment was issued in that action, soon after it was commenced, against the property of said Hurley, and delivered to the defendant as such sheriff, to be executed. That said Hurley had sufficient property, liable to be attached, to satisfy the judgment, and the defendant, although required to levy upon it and indemnified for so doing, did not attach and retain enough of the property for that purpose, but conducted himself so negligently and carelessly in that behalf, that only $49, applicable to the payment of the judgment, was made out of the property, and although often required, had neglected and refused to return the execution.

The action being at issue on questions of fact, was referred to E. P. Cowles, as referee. The referee decided that no part of the property which the plaintiffs insisted it was the duty of the sheriff to attach and levy upon, was the property of said Hurley, and also decided all the issues in favor of the sheriff, except that he was in default, in not having returned the execution, and for such default, assessed the plaintiffs' damages at six cents. The question presented by the appeal is, which party is entitled to recover the costs of the action?

E. MORE, *for plaintiffs and appellants.*
A. J. VANDERPOEL, *for defendant and respondent.*

By the court—BOSWORTH, Justice. This is an action for the recovery of money, and the plaintiffs have recovered but

six cents. By sub. 4 of § 304 of the Code, they are not entitled to costs, unless the action be one, " of which according to section 54, a court of a justice of the peace has no jurisdiction." (*Section* 304, *sub*. 3.)

It is not one of the actions of which section 54 declares that no justice of the peace shall have jurisdiction. The mere statement of these provisions shows that the plaintiffs are not entitled to costs, unless there are other statutes modifying the natural and obvious import of the provisions already cited. Section 305 declares that costs shall be allowed of course, to the defendant, in the actions mentioned in § 304, unless the plaintiff be entitled to costs therein.

The appellants' counsel insists that sections 53 and 54 of the Code, are so connected, that a reference to the latter by section 304, should be construed as a reference to both sections ; and that if a just construction of section 53, requires the court to hold that section 53 does not grant jurisdiction of an action like the present, it would be absurd to so construe these statutes as to declare that they require an injured party to sue in a court of record, in a case like the present, or submit to the loss, to which a neglect of official duty, by a sheriff, has subjected him, or pay the costs of the action unless he recovers $50 or more, when suing in the only court in which by law he can sue, notwithstanding he may recover a sum less than $50. But in order to give any point to this argument, it must be assumed or held that section 53 does not confer, on a justice of the peace, jurisdiction of such an action. If it does, the plaintiffs are clearly liable to pay costs, because jurisdiction of it is not prohibited by section 54.

But the reference by section 304, to section 54, cannot be construed to contain, by implication or fair construction, a reference to section 53 also. Section 53 is the one which confers jurisdiction. And however general the class of actions of which it gives jurisdiction, yet in no case does it give jurisdiction of any action, in which the amount *claimed* exceeds $100. Section 54, which denies jurisdiction of the actions it enumerates, does so with reference to the *nature* of the actions,

and not with reference to the amount that may be claimed, with two exceptions; one being actions in which the people of the state are a party, and for penalties not exceeding $100, and the other a matter of account where the sum total of the accounts of both parties, established at the trial, shall exceed $400. (*Sec.* 54; *Stillwell* agt. *Staples*, 5 *Duer*, 691.)

If section 304, in its reference to section 54, should be construed as referring with equal directness to section 53, it would follow that a plaintiff in all actions, might sue in a court of record, and *claim* damages exceeding $100; and if he recovered any amount, he would recover costs, because under such a construction the action would be one of which, according to section 54, a justice of the peace had no jurisdiction, for the reason that the damages claimed exceeded $100, and, therefore, under section 53, a justice had no jurisdiction. Such a construction is wholly inadmissible.

But it does not follow that because section 53 does not grant jurisdiction, it would convict the legislature of enacting an absurdity to hold that a plaintiff in such a case, under the various provisions of section 304, and under section 305, must pay costs, in a case like the present.

The legislature has enacted that in an action for assault, battery, false imprisonment, libel, slander, malicious prosecution, criminal conversation, or seduction, the plaintiff shall recover no more costs than damages, if the damages recovered are less than $50. All of these actions are to recover damages for the invasion of rights, as to which all persons, as a general rule, are most sensitive. Section 54 prohibits a justice of the peace from taking jurisdiction of either of them. Under the Revised Statutes, if either of these actions, except those for criminal conversation or seduction, were brought in a court of common pleas, the plaintiff, if he recovered any damages, recovered the costs of that court. (2 *R. S.* 614, § 12.)

The change made by the Code, in the law relating to this subject, indicates that the legislature was of the opinion that no considerations of public policy required that a defendant in such cases, though technically in the wrong, should be pun-

ished with the full costs of an action, in any court of record, unless the damage done amounted to $50.

In a case like the present, it would be no justification for departing from the plain reading of the statute, to say that it is absurd to suppose that the legislature would deliberately and understandingly subject a plaintiff to the costs of an action against a sheriff for a breach of official duty, even though the resulting damages should be but six cents.

The right to sue in a court of record is undoubted. But if a plaintiff elects to sue, in every case in which he can establish a right of action entitling himself to nominal damages, it does not follow that those provisions of law, which subject him to the payment of costs when only nominal damages are recovered, are so clearly absurd, that on that ground and for that reason, the courts may legislate and declare their meaning to be variant from their clear and obvious import.

Even if it be conceded that section 53 does not grant jurisdiction of such an action, a plaintiff in an execution, who has sustained damages, to an amount that would exempt an action to recover them from the imputation of being a vexatious suit, is not remediless. The sheriff may be compelled by attachment to return an execution.

If his return is false, and if his official default or misconduct shall have caused injury to a plaintiff in the execution, permission will be granted to prosecute his official bond. (2 *R. S.* 476, *title* 5.) That may, and probably must be, prosecuted in the name of the people of this state. (*Id.* 476, § 2, *and Vol. II,* 4*th ed.* 719, § 3.) Of such an action, a justice of the peace, according to section 54, has no jurisdiction, it not being for a penalty. It not only may, but must be brought in the name of the people, unless the provisions of the Revised Statutes have been so modified by the Code, as to require such suits to be brought in the name of the actual party in interest. (*Code,* § 291.)

But we should not feel at liberty to construe the provisions of section 304, contrary to their clear meaning, even if that construction would deny to the plaintiffs a right to bring this

action in a justice's court, and compel him to pay the costs of it, when brought in the only court in which, by law, it could be brought.

Entertaining these views, it becomes unnecessary to express an opinion whether a justice of the peace, under section 53 of the Code, has jurisdiction of such an action or not. The order appealed from, must be affirmed, with $10 costs.