## SUPREME COURT.

ZINA W. ALEXANDER, *agt.* AUSTIN M. HARD, MELVILLE FROST, and SILAS B. BROWN.

Where there was no cause of action alleged in the complaint, of which a justice of the peace had not jurisdiction ; and the complaint would have been good in such court if judgment had not been demanded for $500 besides costs, a recovery by the plaintiff on the trial of $5 damages—the action being for trespass, in breaking and entering the close of plaintiff, which, in fact, belonged to plaintiff's wife, and for assault and battery :

*Held*, that the *defendant* was entitled to *costs*, in consequence of the plaintiff demanding judgment for $500 besides costs, in his complaint.

*Broome Special Term, October* 25, 1871.
*Present—*R. BALCOM, *Justice.*

MOTION by defendants to have the question determined whether the defendants are entitled to costs, or whether the plaintiff is entitled to costs.

The action was tried at the Broome circuit, in September, 1870.  Verdict for plaintiff for $5, damages.

LEWIS SEYMOUR, *for plaintiff.*
O. W. CHAPMAN, *for defendants.*

BALCOM, J.—The complaint was for defendants wrongfully breaking and entering plaintiff's dwelling house, and for defendants there assaulting and beating and injuring plaintiff's wife and infant children, and by such acts and by making a great noise in the house, injuring the plaintiff's health, who was sick and confined to his bed, in the house. Plaintiff demanded judgment in the complaint for $500, besides costs.

The answer contained a general denial of each and every allegation in the complaint. It also contained allegations showing, that one of the defendants entered the house mentioned in the complaint, to serve a notice of appeal on plaintiff, and that the other defendants entered the house at the request of their co-defendant. That defendants were first violently assaulted by the wife and children of plaintiff. That the wife of plaintiff was the owner and possessor of the house at the time defendants entered the same. That defendants acted in defense of their person in the house.

The court charged the jury, that the plaintiff could not recover for defendants breaking and entering the house or for any damage that defendants did to the house, for the reason, that defendants had proved that the wife of plaintiff owned the house and should be deemed to have been in possession of the same when the defendants entered it—she living in it with her husband and children at that time. That the defendants were not guilty of any assault and battery on the plaintiff. But that the defendants were not justified in entering the house or in using violence upon the wife or infant children of the plaintiff. That the plaintiff could not recover for any loss of service of his wife or infant children occasioned by reason of defendants assaulting and injuring them. That if plaintiff's health was injured by reason of violence committed and noise made by defendants in the house, he could recover for such injury, he being sick in bed in the house at the time.

I am of the opinion, the plaintiff is not entitled to costs, in consequence of demanding judgment in the complaint for $500, besides costs. It would be absurd to hold, that a plaintiff, who brings an action in this court upon a promissory note on which less than $50 is due him, can recover costs, because he demands judgment in his complaint for a sum exceeding the jurisdiction of a justice of the peace.

The plaintiff obtained a verdict in this case for $5, for consequential damages, to wit; for loss of service of his wife and

infant children, or for an injury to his own health. If the action had been brought for that cause alone, it is clear, that a justice of the peace would have had jurisdiction of it if the demand for judgment had not exceeded $200. And he cannot recover costs by unnecessarily demanding judgment for $500, damages. The action, so far as the recovery is concerned, was one that could and should have been brought before a justice of the peace.

The plaintiff is not entitled to costs, because a claim of title to real property arose on the pleadings, for the reason, that he was beaten upon such issue, to wit, the issue of title to the house. I could certify, and would certify, that a claim of title to real property came in question at the trial. But, it so came in question on an issue upon which the defendants succeeded. And I am of the opinion, the plaintiff is not entitled to costs, because such an issue in the case was tried, when this recovery of $5 was upon an issue, that a justice of the peace had jurisdiction to try.

If a plaintiff claims in his complaint, that the defendant broke and entered his close and there wrongfully took and carried away a cow of the plaintiff, and defendant denies all the allegations of the complaint, and alleges, that a third person was the owner and in possession of the close at the time when, &c., and the defendant proves, that such third person was the owner, and had possession of the close at such time, the plaintiff could not recover costs on a verdict of $25, for the cow ; for the reason, that the defendant would, in that case, succeed on the question of title to the real property.

Now, so far as the complaint in this action is material to the question before me, there is no cause of action alleged in it, of which a court of a justice of the peace had not jurisdiction. And the complaint would have been good, in such a court, if judgment had not been demanded for $500, besides costs.

My conclusion is, that the plaintiff, is not entitled to costs,

Alexander agt. Hard.

by virtue of section 304 of the Code. But, that the defendants should recover their costs in the action under section 305 of the Code, and have judgment therefor.

The clerk will enter an order in the action in conformity with the foregoing conclusions.