WILLIAM H. STEVENS *vs.* ANDREW P. JOHNSON.

July 27, 1881.

**Non-negotiable Promise to pay Money.**—*Third Nat. Bank* v. *Armstrong,* 25 Minn. 530, followed, upon the point that certain instruments similar to that considered in that case are not negotiable promissory notes.

**Same—Failure of Consideration resulting from Breach of Warranty.** In an action upon non-negotiable instruments for the payment of money, a breach of warranty on the part of the parties to whom the instruments were originally given, in reference to an article of personal property, in consideration of the sale of which the instruments were executed, may be pleaded and proved as a defence of partial want of failure of consideration.

Plaintiff brought this action in the district court for Sibley county, on the two instruments described in the opinion, which had been sold and endorsed to him by the payees, before maturity. The defendant in his answer alleged a breach of the warranty accompanying the sale of the machines for the price of which these instruments were given, and damages from such breach in excess of the amount due on the instruments sued on, but he did not ask any affirmative relief. At the trial, before *Macdonald*, J., the jury, under direction of the court, returned a verdict for the plaintiff for the amount of the instruments and interest. A new trial was refused, and the defendant appealed.

*John Lind*, for appellant.

*S. & O. Kipp*, for respondent.

BERRY, J. This action is brought upon two like written instruments, of which the following is one:

"Exhibit A.

"$38.00.                    New Ulm, Minn., April 1, 1873.

"On or before the first day of June, 1876, for value received in a Minnesota Seeder, I promise to pay to Thompson & Duncan, or order, thirty-eight dollars, payable at the ———— in New Ulm, with interest at 10 per cent. per annum, payable annually, from date until paid; and in addition I will pay five dollars attorney's fees if the note is collected by suit. For the purpose of obtaining credit, I certify that I own in my own name 80 acres of land, with 40 acres improved, in the town of Lafayette, county of Nicollet, state of Minnesota, worth $1,500 above encumbrance. I also own $400 personal property over and above all indebtedness. The express condition of the sale and purchase of said seeder, No. 3096, is such that the title, ownership, and right to possession does not pass from Thompson & Duncan until this note and interest is paid in full; and the said Thompson & Duncan have full power to declare this note due and take possession of said seeder, No. 3096, at any time they may deem themselves insecure, even before maturity of said note.

                                          his
"*P. O. New Ulm, Minn.*       Andrew P.   x   Johnson.   [Seal.]
                                          mark
"J. M. Thompson,  Witness."

So far as their general characteristics are concerned, these instruments are substantially the same as that examined by this court in *Third Nat. Bank* v. *Armstrong*, 25 Minn. 530, except that they are under seal, which is not here important. For the reasons assigned in the opinion filed in that case, they were not negotiable promissory notes. The court below, therefore, erred in treating them as such, and in holding in effect that, as they were transferred to the plaintiff before maturity, they were in his hands free from defences to which they were subject in the hands of their original holders.

The error was prejudicial to the defendant, because it excluded from the jury his defence of a breach of warranty on the part of the parties to whom the instruments were originally given, in reference to

the "seeder," in consideration of the sale of which the instruments were executed. The damages arising from the breach of warranty, which were pleaded in defendant's answer, were proper to be set up and shown as a defence of want or failure of consideration, or, if the action was brought by the warrantors, as a counterclaim. See Bliss Code Pleading, § 348, note.

In the answer in this action, which is not brought by the warrantors, they are pleaded as a defence and not as a counterclaim, as the latter is defined in *Broughton* v. *Sherman*, 21 Minn. 431. Whether they are shown to be sufficient in amount to equal or exceed the face of the instruments in suit, and thus to establish a want or failure of their entire consideration, is not important. Even in case of negotiable instruments, the better doctrine would seem to be that a partial want or failure of consideration may be shown in defence in an action upon them in the hands of the original holder, or of those who stand in his shoes. *Harrington* v. *Stratton*, 22 Pick. 510. But, whatever may be the rule in case of negotiable instruments, it is well established that a partial want or failure of consideration, as through a breach of warranty, may properly be pleaded and proved in defence, by way of reduction of the damages recoverable upon a non-negotiable contract or instrument. *Harrington* v. *Stratton, supra*, and cases cited; *Reab* v. *McAlister*, 8 Wend. 109. This is the only point which it appears to us necessary to discuss upon this appeal, and the result is that the order denying a new trial is reversed, and a new trial directed.