Louis E. Torinus and others *vs.* Thomas S. Buckham, administrator, and others.

May 9, 1882.

**Promissory Note—Partial Failure of Consideration as Defence.**—A partial failure of consideration may be set up in defence to an action on a negotiable promissory note, brought by the original holder, or one who stands in his shoes.

In 1871 the plaintiffs entered into an agreement with Herman Bisbee, (of whose estate the defendant Buckham is administrator,) and the other defendants, whereby the defendants, representing themselves to be the owners of certain timber lands in Wisconsin, sold to the plaintiffs the stumpage on all the lands mentioned in the

agreement, payments to be made therefor from time to time as the timber was cut, upon stipulated terms. In 1873, another agreement was made between the same parties, supplemental to the first, in accordance with which the plaintiffs settled in full for all the stumpage on the lands mentioned, paying a portion of the consideration in cash and the balance by a note for $3,452.08, which, by arrangement of the vendors between themselves, was made payable to the order of Bisbee. Certain of the lands included in these agreements having been sold for taxes, and the title to other lands having failed, through the neglect of defendants to pay the purchase price thereof to the state of Wisconsin, from which they had been bought, the plaintiffs in January, 1874, brought this action in the district court for Washington county, to restrain the collection or transfer of the note for $3,452.08, payable to Bisbee, which would become due August 1, 1874, until defendants should perfect their title to the lands in question, or, in case of their failure to do so, for the cancellation of the note, and for damages. In January, 1875, Bisbee brought suit on the note in question against these plaintiffs, and recovered judgment for the full amount, which judgment was affirmed by this court. See 26 Minn. 165. In that action the defendants (the plaintiffs in the present action) set up as a defence the same facts pleaded in the complaint in this action. The plaintiffs thereupon filed a supplemental complaint in this action, setting up the proceedings and judgment in that suit, and asking that the enforcement of the judgment in that suit be restrained, and that any judgment that should be recovered by plaintiffs in this action be set off against that judgment.

The action was tried by George B. Young, as referee, who found, as conclusions of fact and law, that the defendants had perfected their title to the lands purchased from the state of Wisconsin; that the tax titles to the lands sold for taxes were invalid for the failure of the assessor to comply with the statutory requirements in assessing lands for taxation, but that they must be taken as valid as against Bisbee, he being estopped by a judgment obtained by the holder of the tax certificates from denying their validity; that the judgment recovered by Bisbee is a bar to any recovery against his adminis-

trator in this action; and that plaintiffs are not entitled to judgment against any of the defendants. The plaintiffs appealed from a judgment entered on these findings in favor of defendants, but did not seek to reverse the judgment except as to the defendant Buckham.

*J. N. Searles,* for appellants.

*G. W. Batchelder,* for respondents.

GILFILLAN, C. J.   Only two questions are presented by this appeal. It is alleged, *first,* that the referee erred in deciding the tax sales in Wisconsin to have been invalid, because that decision is based solely on the deposition of the assessor, impeaching his official affidavit as to the mode of arriving at the value in the assessment.   A law of Wisconsin, passed after the deposition was taken, enacted that "no assessor shall be allowed in any court or place, by his oath or testimony, to contradict or impeach any affidavit or certificate made or signed by him as such assessor."   Whether in the courts of this state, upon an issue as to the validity of a tax sale in Wisconsin, this statute would be held to incapacitate the assessor as a witness, need not be considered; for it does not appear that any objection was made to his testimony, and certainly, if admitted without objection, it was entitled to be considered, just as oral proof of a contract which is in writing would be, if admitted without objection.

It is alleged, *secondly,* that the referee erred in holding the judgment in the action of Bisbee against these plaintiffs to be, in this action, a bar as between these plaintiffs and Buckham, the administrator of Bisbee.   This action is brought in part to prevent the enforcement of that judgment.   The main facts alleged as the cause of action are precisely the same as those alleged for a defence in that action, and in that action these plaintiffs introduced evidence of those facts, and the decision therein was against them.   To avoid the effect of the judgment in that action as a bar, the plaintiffs claim that the matters alleged as the cause of action here could not be interposed as a defence or counterclaim, and could not be litigated or determined in that action, and therefore the judgment therein cannot be a bar to an action on those matters.   That action was upon a promissory note given for part of the stumpage, the alleged failure of defendants in respect to which is the gist of this ac-

tion. Such failure, if there was any, would constitute a failure, partial or entire, of the consideration for the note. As the failure was as to part only of the stumpage, the failure of consideration of the note could be but partial.

Passing over the effect of an actual litigation and determination, in that action, of matters the consideration of which might have been excluded had the parties so elected, the question comes to this: May a partial failure of consideration be interposed as a defence, or partial defence, in an action on a negotiable promissory note? This court, in *Walters* v. *Armstrong,* 5 Minn. 364, (448,) which was not a case of partial *failure,* but was rather of a partial *want,* of consideration, intimated, though it was not necessary to decide, that such a defence cannot be interposed. A similar intimation was made in *Whitacre* v. *Culver,* 9 Minn. 279, (295.) In *Leighton* v. *Grant,* 20 Minn. 345, it was held merely that where there were several promissory notes, and one consideration entering into all of them, not susceptible of apportionment, a partial failure of such consideration could not be set up as a defence to an action upon one of the notes. In *Bisbee* v. *Torinus,* 26 Minn. 165, the judgment in which case is the one claimed here as a bar, the court expressed no opinion on the point, but decided the case on the ground that it did not appear to what extent the consideration had failed. In *Stevens* v. *Johnson,* 28 Minn. 172, which was an action on a non-negotiable note, the court held a partial failure of consideration to be matter of defence, and expressed the opinion that the rule is the same in the case of a negotiable instrument in the hands of the original holder, or one who stands in his shoes. We can conceive of no reason why it should be the rule in one case and not in the other, and, as we are unable to distinguish the cases upon reason, we hold the decision in the last-cited case as covering this. The matters on which the complaint in this action is based were therefore proper matters of defence in the action by Bisbee; they were set up in defence and litigated in that action, and judgment rendered on them against the defendants therein, these plaintiffs. That judgment is a bar as between them and Bisbee's representatives.

Judgment affirmed.