## EDMUND S. DURMENT *vs.* JAMES TUTTLE.

Argued July 5, 1892.   Decided July 12, 1892.

**Partial Failure of Consideration.**

> The partial failure of the consideration for a promissory note may be interposed in defense in an action to recover on the note.

**Counterclaim for Breach of Covenants in Deed of Land.**

> P. and wife executed to T. a deed with full covenants, conveying 35 acres of land, for the price of $3,500, of which $1,750 was paid down, and for the remainder—$1,750—T. executed to P. his promissory note. The title to 30 acres of the land failed. *Held,* in an action to recover on the note, that this may be interposed as a defense. And T., having received from B., P.'s grantor, satisfaction of, and released, the covenants in the deed from B. to P., he is chargeable on account thereof as having received under P.'s deed to him just the value of those covenants; that is, just the amount for which B. was liable upon them.

Appeal by plaintiff, Edmund S. Durment, from a judgment of the District Court of Ramsey County, *Otis,* J., entered March 5, 1892.

On January 8, 1885, Augustus K. Barnum and wife, for the consideration of $525, sold and conveyed with full covenants to David Pierre, thirty-five acres of land in the southeast quarter of section twenty-two, (22), T. 30, R. 22 in Ramsey County. On April 26, 1887, Pierre and wife for the consideration of $3,500 sold and conveyed with full covenants to defendant, James Tuttle, the same land, receiving one-half in cash and Tuttle's note for $1,750 for the other half. Pierre's wife joined with him in the covenants. The title to thirty acres of the land failed, and Tuttle was ejected therefrom. After the note fell due, Pierre sold and transferred it to the plaintiff Durment. Tuttle received from Barnum a conveyance of other lands in satisfaction of his claim as assignee of Pierre's right of action on Barnum's covenants. This action is upon the note. The defendant's cause of action upon Pierre's covenants was interposed as a counterclaim. The trial court allowed the counterclaim and gave defendant judgment. Plaintiff appealed, claiming that the other land deeded by Barnum to Tuttle was worth more than $525, to-wit,

$3,000, and extinguished Tuttle's right of action on Pierre's covenants.

*Lawler, Durment & Bigelow,* for appellant.

The defense set up by way of counterclaim for breach of covenants cannot be sustained. Pierre's wife expressly joins in the covenants, and the covenants are in terms joint and not several. The wife is equally bound with the husband by the covenants. *Sandwich Mfg. Co.* v. *Zellner,* 48 Minn. 408. The note was payable to the order of David Pierre, and he alone assigned it to plaintiff. On the facts set up in the answer there could be no several judgment in defendant's favor against David Pierre. The counterclaim is therefore no defense to this action. 1878 G. S. ch. 66, § 97.

The old rule was that the warrantor should convey to the warrantee other lands of equal value to those from which the warrantee was ejected. The warrantee in this case has seen fit to take other lands from Pierre's warrantor (and against whom Pierre had recourse) nearly equal in amount to those from which he was ejected. He and Pierre's warrantor have agreed that those lands were of the value of $5,200, that being the consideration fixed in the deed. That $5,200 is more than Tuttle could recover from Pierre if he had been ejected from the entire thirty-five acres. The actual value of the land conveyed by Barnum to Tuttle is not shown. The recital in the deed controls. Therefore, defendant has suffered no damage. *Bayliss* v. *Williams,* 6 Cold. 444; *Cleménts* v. *Landrum,* 26 Ga. 402; *Cummins* v. *Kennedy,* 3 Litt. 125.

Tuttle having settled with Barnum and released him, has surrendered his right to pursue Pierre on his covenants. He cannot be allowed to split up his cause of action for damages or to have more than one satisfaction, in a case of covenant, any more than in any other action for damages. Rawle, Cov. § 214; *Wilson* v. *Taylor,* 9 Ohio St. 595; *King* v. *Kerr's Admrs.,* 5 Ohio, 156.

*Williams, Goodenow & Stanton,* for respondent.

A partial failure of a consideration for a note can be set up as a defense against it, and in case the damage is equal to the unpaid

balance, no recovery upon it can be had. *Torinus* v. *Buckham,* 29 Minn. 128; *Stevens* v. *Johnson,* 28 Minn. 172; *Mass. Loan & Trust Co.* v. *Welch,* 47 Minn. 183.

Plaintiff makes much of the fact that both Pierre and his wife joined in the covenants in their deed to Tuttle, and claims that on this account Tuttle's right of action is against them jointly, and is not available as a counterclaim in an action brought by plaintiff. Where the counterclaim arises out of the failure of title to the very land for which the note was given, it is not necessarily a counterclaim, but a defense, and as such is available against the note in the hands of any one, if, as in this case, it was taken with knowledge of the facts and after due. The title to the land was supposed to be in David Pierre; it was from him that Tuttle bought it, and to him that the note in question was given, and all payments made. Mrs. Pierre received nothing. The note was given for part of the purchase price of the land, David Pierre received it as such. His wife was his surety only.

The deed from Barnum to Tuttle of other lands, amounts to a satisfaction only to the extent that Barnum was himself liable on the warranty in his deed to Pierre. Now, what was Barnum's liability to Pierre, or any one else, on that warranty? Merely the $525 paid Barnum by Pierre for the land. It matters not that he took it in land; he could have taken it in anything else. *Kimball* v. *Bryant,* 25 Minn. 496; *Moore* v. *Frankenfield,* 25 Minn. 540; *Devine* v. *Lewis,* 38 Minn. 24; *Hawthorne* v. *City Bank of Minneapolis,* 34 Minn. 382.

GILFILLAN, C. J. It is not open to question in this state that a partial failure of consideration may be interposed as a defense, or partial defense, to a promissory note. *Stevens* v. *Johnson,* 28 Minn. 172, (9 N. W. Rep. 677;) *Torinus* v. *Buckham,* 29 Minn. 128, (12 N. W. Rep. 348.)

In this case the consideration for the note and for the cash paid on the transaction was the conveyance, or attempted conveyance, of the thirty-five acres at the price of $3,500, being at the rate of $100 per acre. As there was no evidence to the contrary, it is to be pre-

sumed that the land was of equal value per acre, so that, the title to thirty acres failing, there was a failure of consideration on the transaction amounting to $3,000. $1,750 having been paid by defendant in cash, and a note for $1,750 given for the remainder, we do not see any reason for attempting to apportion the amount of the failure between the cash paid and the note, in an action for the recovery of the amount of the note. The price agreed on was an entirety, and the consideration for the price was an entirety, and, it having failed to the extent of $3,000, it left recoverable of the price only $500, and that may be interposed as a total or partial defense in any action to recover the whole or any part of the price above the $500.

There passed, however, by the deed to defendant, not only the five acres, but, under the covenants in it, the right to resort to the covenants in the deed of Barnum, the grantor of Pierre. Those covenants were worth no more than the amount of Barnum's liability upon them. They were worth no more to Pierre, and no more to defendant; and that is all that defendant can be charged with, for having received satisfaction of them either in property or money. If Barnum chose to give more than he need, to be released from them, that is a matter, so far as the excess is concerned, between him and defendant.

Judgment affirmed.

(Opinion published 52 N. W. Rep. 909.)