## LANNING, ANTRAM & COMPANY v. JOSEPH BURNS.

FILED FEBRUARY 15, 1893.   No. 4895.

Negotiable Instruments: ACTION ON CHECK WHERE PAYMENT WAS STOPPED : PARTIAL FAILURE OF CONSIDERATION. In an action against the drawer of a negotiable check who had stopped payment of the same, the defendant in his answer admitted that a portion of the amount was due the payee, but alleged that there was partial failure of consideration. *Held*, That upon the pleadings the plaintiff could rec ver the amount admitted to be due, and that a judgment for the defendant could not be sustained.

2. ———— : ———— : BONA FIDE PURCHASER: DEFENSE. In an action between the parties on a negotiable instrument and persons not *bona fide* purchasers for value before maturity a partial defense is available.

3. ———— : ———— : ———— : NOTICE. If the plaintiffs are *bona fide* purchasers without notice they are entitled to protection.

ERROR from the district court of Lancaster county. Tried below before CHAPMAN, J.

*A. G. Greenlee,* and *Marquett, Deweese & Hall,* for plaintiff in error.

*Pound & Burr, contra.*

Maxwell, Ch. J.

This is an action upon a check given by the defendant. On the trial of the cause the jury returned a verdict for the defendant, upon which judgment was rendered. It is claimed by the plaintiff that on the issues made by the pleadings the plaintiff is entitled to recover and that the judgment cannot be sustained. The petition is as follows:

"The plaintiff complains of the defendant and says that it is a corporation organized and existing under and by virtue of the laws of the state of Kansas, and doing business as bankers in said state; that on the 31st day of January, 1889, this defendant executed, signed, and delivered to George H. Allen a check on the Lincoln National Bank of Lincoln, Neb., for $163.12, payable to the said George H. Allen, or order. On the same day said check was by the said George H. Allen, for a valuable consideration, and in the due course of business, assigned to Kerndt Brothers, and was by them for a valuable consideration, and due course of business, and without notice, assigned to this plaintiff, and that afterwards the said Joseph Burns, without any right or authority so to do, stopped the payment of said check, to the damage of this plaintiff in the sum of $163.12.

"2. On the 4th day of February, 1889, said check was protested for non-payment, and the costs of protesting the same are $3.29.

"Wherefore plaintiff prays judgment against said defendant for the sum of $163.12 with interest from the 31st day of January, 1889, and $3.29 with interest from the 4th day of February, 1889, and costs of suit."

To this petition the defendant filed an answer as follows:

" Now comes the defendant, Joseph Burns, and for answer to the petition of the plaintiff filed herein says: He admits that the plaintiff is a corporation organized and existing under and by virtue of the law of the state of Kansas and doing business as bankers in said state; that on the 31st day of January, 1889, defendant executed, signed, and delivered to George H. Allen a check on the Lincoln National Bank of Lincoln, Nebraska, for $163.12, payable to the order of said George H. Allen; admits that on the same date said check was by the said George H. Allen for a valuable consideration assigned to Kerndt Brothers, and by them for a valuable consideration assigned to plaintiff, and that afterwards the defendant stopped the payment of said check; admits that said check was on the 4th day of February, 1889, protested for non-payment. And defendant denies each and every allegation in said plaintiff's petition contained; that said check was given said Allen on said 31st day of January, 1889, by defendant at Bird City, Kansas, in the conditional payment of a balance of account between defendant and said Allen; that said Allen so took said check upon the express condition that payment of the same would be stopped by defendant, if upon reaching his office and books he should find that the representations made by said Allen to obtain said check were untrue, and that the consideration, or a part of the consideration thereof, had failed; that the representations made to this defendant by said Allen were untrue; that the consideration for the same failed to the amount of $100, and that said check was obtained by fraud upon this defendant; that the plaintiff and said Kerndt Brothers had due, actual, and legal notice that said check was given by defendant and accepted by said Allen upon said condition, and that payment of the same was liable to be stopped, and defendant says that plaintiff took said check with such notice; that C. L. Antram is the cashier of the plaintiff and that Morris Kerndt is a member of the firm of Kerndt Brothers, and was, on

said 31st day of January, 1889, the city treasurer of said Bird City, Kansas.

"Wherefore the defendant prays that the plaintiff's appeal in this case may be dismissed, and that defendant may go hence and recover his costs."

The reply denies the new matter set forth in the answer and that there was any fraud or misrepresentation. The original check, with the indorsements thereon, was introduced in evidence and is as follows:

"24066.        LINCOLN, NEB., Jan. 31, 1889.    No. ——
            "Lincoln National Bank,             3 29
"Pay to G. H. Allen, or order,               $163 12
one hundred and sixty-three $\frac{12}{100}$ dollars.       ————
                            Count $166 41
                        "JOSEPH BURNS."

It is indorsed as follows : "G. H. Allen.  Kerndt Brothers.  Pay to A. Yeazel, cashier, for collection account of Lanning, Antram & Co., Bird City, Kansas.  C. L. Antram, cashier.  Pay C. T. Boggs, cashier, or order, for account of Exchange National Bank, Hastings, Neb.  A. Yeazel, cashier."

It will thus be seen that defendant really pleads a failure of consideration to the amount of $100, and in effect admits the remainder of the debt.  Therefore, if the action was between the original parties, the plaintiff, upon the pleadings, would be entitled to recover a portion of the claim.  The rule is thus stated by Daniel, 1 Neg. Inst , sec. 201 : "Whenever the defendant is entitled to go into the question of consideration, he may set up the partial as well as the total want of consideration.  Thus, where the drawer of a bill for £19 5s., payable to his own order, sued the acceptor, and it appeared that the bill was accepted for value as to £10 only, and as an accommodation to the plaintiff as to the residue it was held that although with respect to third persons the amount of the bill might be £19 5s., yet as between these parties it was an accept-

ance to the amount of £10 only. So, where a note was given by A to B for the sum of £32 6s. 10d., upon B's representation and assurance that that amount was due, whereas A owed B £10 14s. 11d., and no more, the note was held good only for the amount that was actually due. So, where a father gives his son a note partly for services and partly as a gratuity, the partial want of consideration might be pleaded as to such portion of the amount as was gratuitous; and it would be no objection that no distinct amount was fixed upon as compensation for the services, but it would be for the jury to settle what amount was founded on the one consideration, and what on the other." (Thompson, Bills [Wilson's ed.], 64; Byles, Bills [Sharwood's ed.], 239; *Darnell v. Williams*, 2 Stark. [Eng.], 166 [3 E. C. L. R.]; *Barber v. Backhouse*, 1 Peake [Eng.], 86; *Clark v. Lazarus*, 2 M. & G. [Eng.], 167; *Forman v. Wright*, 11 C. B. [Eng.], 481.) The words of the plea, "fraudulently and deceitfully," were rejected as surplusage. (*Parish v. Stone*, 14 Pick. [Mass.], 198.) In addition to this there is testimony in the record tending to show that the plaintiff is a *bona fide* holder, and as such entitled to protection. As there must be a new trial, we will not discuss the facts. The judgment is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.