## TOWNSHIP OF DE SMET v. DOW.

When, in an action commenced in the circuit court, the plaintiff recovers less than $50, and the action is one the subject-matter of which is within the jurisdiction of a justice of the peace, the defendant is entitled to costs, under Subdivision 4, § 5191, Comp. Laws, though the amount claimed in the complaint exceeds the jurisdiction of such justice.

(Syllabus by the court.   Opinion filed August 15, 1893.)

Appeal from circuit court, Kingsbury county. Hon. J. O. ANDREWS, Judge.

Action by the township of De Smet against Fred N. Dow. Plaintiff had judgment for a part only of its claim, and, from an order taxing costs to plaintiff, defendant appeals. Reversed.

The facts are stated in the opinion.

*A. B. Melville,* for appellant.

The defendant is entitled to recover costs in an action commenced in the circuit court where the amount recovered is less than $50.00, if the action is within the jurisdiction of a justice court. Pyle v. Hand Co., 1 S. D. 385; Laughran v. Orser, 15 How. Pr. 281; Alexander v. Hard, 42 How. Pr. 131; Ashley v. Marshall, 30 Barb. 426.

*James F. Watson,* for respondent.

No brief filed.

CORSON, J.    This is an appeal from an order of the circuit court of Kinsbury county affirming the taxation of costs by the clerk of that court in favor of the plaintiff.    The action was brought in the circuit court, and the amount claimed as damages was $125, but on the trial the plaintiff only recovered $40.71.    The respective parties claimed costs, and gave notice of the taxation of the same before the clerk.    He refused to tax the costs in favor of the defendant, and ruled that the plaintiff was entitled to its costs, "on the ground that the action was originally brought to recover $125, and that a justice had not jurisdiction of that amount."    The defendant appealed from the ruling of the clerk to the circuit clerk.    That court seems to have taken the same view of the law, and made an order dismissing the defendant's appeal, and directed its clerk to tax the costs in favor of the plaintiff.    To this ruling and order the defendant duly excepted.

The question presented for our decision is, did the court err in dismissing the appeal of the defendant, and in making the order directing the clerk to tax the costs in favor of the plaintiff, upon the ground that, having claimed an amount in excess of the jurisdiction of a justice of the peace, though it actually recovered less than $50, it was entled to costs?    The learned counsel for the appellant and defendant contends that under the statute relating to costs, the plaintiff not having recovered $50, the defendant was entitled to his costs in the action.    We are of the opinion that the counsel for appellant is correct in his contention.    By Subdivision 4, § 5191, Comp. Laws, relating to costs in courts of record, it is provided that costs shall be allowed of course to the plaintiff "in an action for the recovery of money where the plaintiff shall recover fifty dollars.    *    *    *    Costs shall be allowed of course to the defendant in the actions mentioned in this section unless the plaintiff be entitled to costs therein."    It will be noticed that, to entitle plaintiff to his costs,

he must recover at least $50. By Subdivision 3 of the same section it is provided that costs shall be allowed the plaintiff "in the actions of which a court of justice of the peace has no jurisdiction."

In Pyle v. Hand Co., 47 N. W. Rep. 401, this court held that that provision was limited to cases where the subject-matter was not within the jurisdiction of the justice. We are of the opinion that the true construction of that provision, taken in connection with Section 6042, conferring jurisdiction on justices' courts, is that the defendant is entled to costs in an action for the recovery of money, when the plaintiff recovers less than $50, where the justice would have had jurisdiction of the subject-matter in case the claim stated in the summons or complaint had been made for a sum within the jurisdiction of the justice. In other words, in determining the question as to the party entitled to costs, the amount claimed in the summons or complaint in the circuit court is not material if the amount recovered is less than $50, and the justice's court would have had jurisdiction of the action if the amount recovered had been claimed in an action in a justice's court. If the amount claimed in the action in the circuit court could be considered in determining the question of costs, it would be in the power of any plaintiff to bring his action, whatever his claim might be, in the circuit court, and recover costs by claiming an amount in his complaint in excess of the jurisdiction of a justice, though he might recover less than $50. Such a construction of the statute is entirely inadmissible. The evident intention of the legislature in adopting the provisions of the statute requiring the plaintiff to pay costs when here he recovers less than $50 in an action that might have been brought in a justice's court, was to prevent parties from instituting suits in the courts of record to recover demands really within the jurisdiction of justices of the peace, by imposing the penalty of payment of costs upon the plaintiff when he fails to recover $50 or more. It matters not, therefore, what the plaintiff claims in his complaint, if he recovers

less than $50 in a case in which a justice's court has jurisdiction of the subject-matter. The construction we give to our statute seems to be the construction given to a similar provision of the Code of the State of New York by the courts of that state. In Alexander v. Hard, 42 How. Pr. 131, Balcomb, J., speaking for the court said: "I am of the opinion the plaintiff is not entitled to costs in consequence of demanding judgment in the complaint for $500 besides costs. It would be absurd to hold that a plaintiff, who brings an action in this court upon a promissory note on which less than $50 is due him, can recover costs because he demands judgment in his complaint for a sum exceeding the jurisdiction of a justice of the peace." Laughran v. Orser, 15 How. Pr. 281. The order of the circuit court is therefore reversed, and the court directed to reverse the ruling of the clerk of the circuit clerk, and direct him to tax the costs in favor of the defendant, and to enter a judgment in favor of the defendant therefor.