## LANEY v. INGALLS.

1.  The answer in this case, which is based on a promissory note, admits all that is essential to a recovery of the full amount claimed, but alleges an affirmative defense to a portion thereof, growing out of a breach of warranty of the property for which the note was given. *Held*, that the statute of this state fully sustains the answer, and sanctions the doctrine of recoupment involved therein, when the action is between the original parties, or those standing in their place.

2.  Plaintiff is charged with a knowledge of the amount which he was entitled to recover, and when the subject matter is within the jurisdiction of a justice court, and is placed beyond such jurisdiction by claim-

ing more than is due, the defendant is entitled to costs, under subdivision 4, of Section 5191, Comp. Laws, when the judgment obtained is less than $50.

3.　A judgment will not be disturbed in this court because the trial court, over the objection of plaintiff's counsel, allowed counsel for defendant to make the opening and closing argument to the jury, when, from the record, it affirmatively appears that no injustice could have resulted therefrom.

(Syllabus by the court.　Opinion filed April 3, 1894.)

Appeal from circuit court, Minnehaha county. Hon. FRANK R. AIKENS, Judge.

Action on a promissory note. From a judgment for plaintiff for a part, only, of his claim, he appeals. Affirmed.

The facts are stated in the opinion.

*Joe Kirby,* for appellant.

An unliquidated partial failure of consideration in the absence of statute is no defense to an action on a promissory note, but the defendant is left to his remedy in damages on breach of contract. Dan. Neg. Instr. Sec. 202; Randolph Com. Pa. Sec. 540; Evenson v. Williamson, 79 North Car. 86; Stone v. Peak, 16 Verm. 218; Drew v. Towley, 27 New Ham. 412; Detrick v. McClore, 46 Ind. 291; Richards v. Betzr. 53 Ill. 466; Peerless Reaper Co. v. Conway, 48 N. W. 854. The answer states this partial failure of consideration as a defense and not as a counter claim. Where the right of a defendant will admit matter being plead either as a defense or counter-claim, it will always be regarded as the former unless expressly set forth in the form of the latter. Burk v. Thorne, 44 Barb. 363; Equ. Life Ins. Co. v. Cuyler, 75 N. Y. 511. It is necessary in pleading a failure of consideration to allege that there was no other consideration than that which is claimed to have failed. Boden v. Wright, 12 Com. Bench, 45; Esty's Pleadings, Sec. 3547.

It was error for the court to allow the defendant the opening and closing argument to the jury. Comp. Laws, Sec. 5047; Penhryn Slate Co. v. Meyr, 8 N. Y. 61; Benham v. Shaffer, 2 Cal. 389-408; Thompson on Trials, Sec. 258; 1 Thompson on Trials, Chap. 9; Heffryn v. State, 8 Fla. 73.

This action was brought to recover upon a promissory note the sum of $150 and interest, no part of which had been paid. The plaintiff recovered the sum of $25 and interest. The plaintiff was entitled to costs. Comp. Laws, Sec. 5191; Plunkett v. Eavens, 50 N. W. 961; Pyle v. Hand Co., 47 N. W. 401; Griffin v. Brown, 35 How. Pr. 375, S. C. 53 Barb. 428; Ryan v. Doyle, 40 How. Pr., 215.

*Wynn & Nock*, for respondent.

FULLER, J. This action is upon a promissory note for $150. The answer, after admitting the executing and delivery of the note, and that the same is past due, unpaid, and the property of the plaintiff, contains the following affirmative allegations: "Second. And, for a further answer and defense herein, this defendant alleges that said note was given for the purchase price of one bull that was sold by the plaintiff to the defendant for the sum of one hundred and fifty dollars ($150); that, at the time of the purchase of said bull, plaintiff warranted to defendant that said bull was a full-blooded Galloway bull; and that said warranty was part of the consideration of the purchase of said bull by this defendant of this plaintiff. Third. That this defendant fully relied upon said warranty, and believed the same to be true; that said plaintiff knew that said warranty was false, and that said bull was not a full-blooded Galloway bull, at the time he made the warranty, but was in fact and in truth a mixture of breeds, and not a pure breed of any kind, and was not worth, in value, more than twenty-five dollars ($25), by reason of which defendant was damaged in the sum of one hundred and twenty-five dollars. Wherefore this defendant demands judgment that plaintiff's complaint herein be dismissed, with costs of this action." At the trial the court overruled plaintiff's objection to the introduction of any evidence on the part of the defendant for the reason that the facts stated in the answer do not constitute a defense or counterclaim, and such ruling of the court is assigned as error

Our statute provides, among other things, that an answer may contain any new matter constituting a defense, and that the defendant may set forth, in ordinary and concise language, as many defenses as he may have, whether they be such as have heretofore been denominated "legal" or "equitable," or both; and, for the purpose of determining the effect of such pleading, its allegations are to be liberally construed, with a view of effecting substantial justice between the parties. Comp. Laws, §§ 4914–4924. In appellant's brief the counsel confines his argument to the proposition that defendant must resort to an action for damages on a breach of contract, and that no evidence can be introduced under the answer, as it pleads only a partial and unliquidated failure of consideration, and that proof of all the facts stated in the answer would constitute no defense to an action on a promissory note. In our judgment, the statute of this state fully sustains the answer, and sanctions the doctrine of recoupment involved therein. As between the original parties, or those who stand in their place, it would be repulsive to our practice, and inconsistent with a fair, economic and speedy administration of justice, to hold that a person sued on a promissory note given for the purchase price of personal property could not defend on the ground that there was a failure of consideration or a breach of warranty as to the quality of such property, which, if proved, would partially or entirely defeat plaintiff's recovery. The reasons for the practice are too apparent to admit of argument or illustration. It avoids a multiplicity of suits, enables litigants to determine their controversies without additional expense, and in case a plaintiff be insolvent, it is often the only means by which a defendant may obtain justice and prevent a wrongdoer from obtaining something for nothing. Torinus v. Buckham, 29 Minn. 128, 12 N. W. 348; Waterman v. Clark, 76 Ill. 428; Stevens v. John- 28 Minn. 172, 9 N. W. 677; Carey v. Guillow, 105 Mass. 18. In Ohio an action was brought in the district court on a promissory note for the purchase price of certain personal property,

and the trial court refused to admit evidence under an answer setting up a breach of warranty, and partial failure of consideration. In reversing the trial court Judge Scott says: "The right of a defendant, in a proper case, and under a proper state of pleadings, to reduce by way of recoupment, the damages sought to be recovered by plaintiff, is fully recognized, and directly considered as the law of this state. It is a right so reasonable in itself, so necessary to the simple and economical administration of justice, and so entirely congenial to our system of jurisprudence, that, however denied or doubted in some parts of the state, it has, in general, commended itself to our courts, and become well established. When a party sues for goods sold and delivered, or work and labor performed under a contract, it would seem reasonable that he might be required * * * to account in the same action for his own disregard of the obligations of the same contract. Why should he be allov ed to recover as upon a full performance on his part, and the defendant be driven to a cross action, the result of which would leave the parties just where the principle of recoupment would have placed them at the close of the former suit? And the principle is the same, whether the suit be brought upon the original contract, or, as in this case, upon a promissory note founded thereon." Upton v. Julian, 70 Ohio St. 95; Lanning v. Burns (Neb.), 54 N. W. 427. From Baylies' Code Pleading (page 275) we quote the following: "Where goods have been sold in good faith, with a warranty of quality, the vendee is not bound to recind the contract on the discovery of a breach of the warranty, but may, if he so elects, use the articles, and rely upon the warranty, and enforce it by direct action for damages, or by way of counterclaim, or by way of recoupment, when sued for the price." In our opinion, the answer is not subject to any of the objections urged by the learned counsel, and there is no error in the court's ruling thereon.

We have carefully examined the evidence, to the introduction of which counsel for plaintiff objected, and we believe it to

be competent under the answer, and to fully sustain the verdict. In our opinion the court neither erred in the admission of evidence, nor in refusing to direct a verdict for plaintiff for the full amount claimed. A breach of warranty was established by competent and undisputed evidence, upon which the jury found that defendant had sustained damages in the sum of $125; and we believe the verdict in favor of the plaintiff for $25, which, with interest found according to recitals of the note, amounted in the agregate to $36.12 was a just and reasonable determination of the issues of fact submitted to such jury, and ought not to be disturbed by this court.

It is urged that the court erred in allowing defendant's counsel, over the objections of counsel for appellant, to make the opening and closing argument to the jury; and, in support of such contention, Section 5047 of the Comp. Laws is cited. Without construing the section, let us take a favorable view, and assume, for the purposes of this discussion, that plaintiff was entitled to open and close the case to the jury, and upon that theory examine the record, and determine whether such ruling was prejudicial to the rights of the plaintiff. Plaintiff's claim was fully covered by the admission of the answer, and no proof was necessary under the complaint. The defendant relied upon an affirmative defense, and unless such defense, or some portion thereof, was established by a fair preponderance of evidence, the plaintiff would be entitled to a verdict for the full amount claimed. At the time the note in suit was executed and as a part of the transaction, plaintiff executed and delivered to defendant the following: "This is to certify that the bull I sold J. L. Ingalls was out of my thoroughbred Galloway bull that I sold to M. Dickerson; that he is, according to the best of my knowledge and belief, the finest blooded stock there is in this county; and that they are full blooded stock. D. H. Laney." A portion of the evidence of defendant, admitted without a valid objection, was that the plaintiff told him at the time the purchase was made that the bull was a full blooded

Galloway, out of a full blooded Galloway bull and a full blooded Galloway cow; that in fact the bull was not a full blooded animal, and was consequently worth but $20; that he would have been worth $150 had he been as represented by the plaintiff. Mr. Peterson testified as follows: ''I have been in the stock business here at Sioux Falls about thirteen years. I know D. H. Laney. I know the herd out of which the sale was made to Mr. Ingalls. I had a conversation with Mr. Laney at that time about this stock—about the herd of stock out of which this sale was made. Mr. Laney brought the herd of bulls here to sell. He sold one of those bulls to Mr. Ingalls. He told me he had. He said he brought these bulls here, and wanted I should assist in disposing of these bulls; and he at first represented that the bulls were full blooded Galloway bulls, but afterwards he said that they were all descendents of a thorough-bred bull he sold to some party in Minnesota, and that was the only full blood that he owned.'' The evidence also clearly shows that the defendant was not familiar with the Galloway cattle at the time he made the purchase, but afterwards became well informed concerning them, and at the time of the trial he was fully compe tent to testify as an expert concerning the value of mixed and full blooded Galloway bulls, and the characteristics of each. The record shows that he did so testify, specifically; and his evidence is corroborated in that particular by Mr. Peterson, who was also well informed, and gave substantial reasons for his evidence, which in our opinion would, in the absence of other testimony, support the inference that the bull which plaintiff sold to defendant was what is denominated a ''half-breed.'' There was no conflict in this evidence, and the cross examination tended to increase its force and effect. No rebuttal testimony was offered, and the jury found that plaintiff was entitled to recover but $36.12, or, in other words, that by reason of the breach of warranty the defendant was entitled, under the doctrine of recoupment, to have $125 deducted from the amount for which the suit was in-

stituted.    We therefore hold that if  the  court erred in permitting defendant, who had  the  affirmative, to open and close, or in refusing to  allow  plaintiff, who  had  nothing  to  prove, to open and close, the argument to the jury; such error, if any, is without prejudice to the plaintiff, and the case, for that reason, ought not to be  reversed.    Parker v. Kelly, 61 Wis. 552, 21 N. W. 539;  Bank  v. St. John, 17  Wis.  157;  Bank v. Shakman, 30 Wis. 333.

Judgment was rendered upon the  verdict of the jury in favor of the plaintiff for $36.12, and it was therein ordered by the court that the defendant have and  recover  from  the  plaintiff his costs  and  disbursements, amounting to $40 60, to be taxed by the clerk, and judgment was entered  accordingly.    Section 5191, Comp. Laws, provides  that:   ''Costs  shall be allowed of course to the plaintiff upon a recovery   *   *   *  in the action in which a court of justice of  the peace has no jurisdiction,   *   * costs shall be allowed of  course to  the defendant in the action mentioned in this section, unless  the  plaintiff  be  entitled  to costs therein.    The  action  of  the  court in awarding costs to the defendant is assigned as error; and  counsel  for  appellant contends that it is the amount claimed, and not the amount recovered  which  determines  the  jurisdictional  question.    The jury found, by its  verdict,  that defendant  was  indebted  to plaintiff in the sum of $36.12, which  amount was  within the jurisdiction of a justice of the peace; and the pleadings show that a justice of the peace could  have  tried  the  case, had plaintiff claimed no more than he was entitled to recover.    By demanding more than was justly due, plaintiff placed his claim beyond the jurisdiction of a justice of  the peace; and, when it is found that the amount to which he is  entitled  is within such jurisdiction, that fact is presumed to have been within  his  knowledge at the time the suit was instituted, and  he ought not to be permitted to deprive the defendant of a speedy and  comparatively inexpensive trial in a justice's court, and at the same time burden him with  the  unnecessary  costs  and  disbursements of a

trial in the circuit court.   By a trial of the cause in the circuit court plaintiff's rights were determined, and from the amount recovered it was found that the cause was within the jurisdiction of a justice of the peace, and that defendant was therefore, under the statute, entitled to his costs and disbursements While we concede appellant's contention that the cause could have been dismissed by a justice of the peace, because the amount claimed was beyond the jurisdiction of his court, the defendant should not be deprived of his costs and disbursements because the plaintiff, to whom he was indebted in the sum of $36.12, brought suit in the circuit court, and attempted to recover the sum of $150.   Pyle v. Hand Co., (S. D.) 47 N. W. 401; Township of De Smet v. Dow, (S. D.) 56 N. W. 84; Alexander v. Hard, 42 How. Pr. 131; Landberger v. Telegraph Co., 8 Abb. Pr. 35; Kreuger v. Zirbell, 2 Wis. 233; Peet v. Warth, 1 Bosw. 653; Mechl v. Schweickart, 67 Barb. 599.   In our opinion it was not error for the court to determine the rights of the parties, as to costs and disbursements, from the amount recovered, instead of the amount claimed; and, finding no reversible error in the record, the judgment of the trial court is affirmed.