NICHOLS & SHEPARD COMPANY v. AUGUST A. SODERQUIST.

October 26, 1899.

Nos. 11,780—(48).

### Promissory Note—Joint Maker—Failure of Consideration.

In an action brought against one of the makers of a joint and several promissory note, he may interpose, to defeat recovery pro tanto, the defense that there was a partial failure of consideration, arising out of a breach of a contract of warranty, entered into with all of said makers, as to a part of the property for which the note was given.

Appeal by defendant from an order of the district court for Renville county, Powers, J., sustaining a demurrer to part of the answer. Reversed.

*Albert L. Young,* for appellant.
*Somerville & Olsen,* for respondent.

COLLINS, J.

Defendant and one J. A. Soderquist were the makers of two joint and several promissory notes payable to the plaintiff's order. The latter brought an action on these notes against defendant alone. In his answer defendant alleged as a partial defense that a part of the consideration of these notes was the sale and warranty by plaintiff to himself and J. A. Soderquist of a grain separator; that there was a breach of the warranty, in that the separator was wholly worthless and of no value; and that, to the extent of the agreed and stated value of such separator, the consideration for the notes had failed. To this portion of the answer plaintiff's counsel demurred, and the real question is whether the attempted defense is available to defendant in an action brought against him only. The court below held that it was not.

It is, of course, admitted that such a defense could have been interposed for the purpose of preventing full recovery, had the action been brought against both makers of the notes. The allegations now under consideration do not constitute a counterclaim, strictly speaking, but amount to a defense by way of recoupment. It is simply denied that the plaintiff is entitled to recover in so large an

amount as it claims, and the defense is confined to matters directly connected with the transaction which forms the basis of plaintiff's claim. We can see no good reason why the defense should not inure to the benefit of either maker of the notes, unless justice is to be denied merely because the plaintiff has the right to maintain a separate action against one of the makers, and has done so.

The logic of the contention of plaintiff's counsel is that, by instituting separate actions against the makers of joint and several notes, each and all may be deprived of the defense of a partial or total want of consideration. It is well settled in this state that a partial failure of the consideration for a promissory note may be interposed in defense in an action on the note, and this is exactly what defendant is seeking to do here. This defense cannot be taken away from him because it is also available to another maker should he be sued on the note. Counsel for defendant has cited Durment v. Tuttle, 50 Minn. 426, 52 N. W. 909. The case is not exactly in point, but the principle is applicable here. See also Hunt v. Conrad, 47 Minn. 557, 50 N. W. 614; McHardy v. Wadsworth, 8 Mich. 349; Waterman v. Clark, 76 Ill. 428.

Order reversed.