EIDE, Respondent, v. GILBERT, Appellant.

(163 N. W. 678.)

(File No. 4154.   Opinion filed June 26, 1917.)

1.  **Appeal—From Municipal to Supreme Court—Appeal to Circuit Court, Distinguished—Proviso Construed.**

Upon appeal from a judgment of the circuit court upon

motion to dismiss an appeal to that court from the municipal court of Sioux Falls, to Supreme Court, held, that, plaintiff having sued for $300. and recovered but $60, the appeal should have been dismissed; since the amount claimed by plaintiff, not the amount recovered, determines the jurisdiction of the appellate court; construing Laws 1907, Chap. 199, Sec. 26, as amended by Laws 1913, Chap. 278, Sec. 7, providing in part that all appeals from said municipal court shall be taken to Supreme Court in same manner and under same restrictions, etc., as appeals are taken from circuit court to Supreme Court, provided, that in actions which would otherwise be cognizable before a justice of the peace except actions of forcible entry and detainer or detainer only, an appeal from judgment of said court may only be taken to the circuit court, in manner provided by Justice Code. Laney v. Ingalls, 5 S. D. 183, 58 N. W. 572, distinguished.

**2.  Costs—Municipal Court—Amount in Controversy, Effect—Statutes—Distinguished.**

Since the rule as to taxation of costs in municipal court is provided for in Laws 1907, Chap. 191, Sec. 25, authorizing plaintiff to tax costs in such court in actions cognizable by justice of the peace, Code Civ. Proc., Sec. 417, providing that plaintiff may tax costs "of course" in "actions of which a court of justice of the peace had no jurisdiction," and allows costs to defendant "of course" where costs are not allowed to plaintiff, does not apply to actions in municipal court.

Appeal from Circuit Court, Minnehaha County. Hon. JOSEPH W. JONES, Judge.

Action by E. P. Eide, against W. N. Gilbert, to recover damages for personal injuries. From a judgment of the Circuit Court entered upon an order dismissing an appeal to that court from a judgment for plaintiff in the Municipal Court of Sioux Falls, defendant appeals. Affirmed.

*Kirby, Kirby & Kirby,* for Appellant.

*Waggoner & Stordahl,* for Respondent.

(1) To point one of the opinion, Appellant cited: Laney v. Ingalls, 5 S. D. 184.

Respondent cited: 24 Cyc. 464; 1912A Ann. Cases 1234 (note); People's Sec. Bank of Worthing v. Sanderson, (S. D.) 123 N. W. 873.

POLLEY, J. This action was brought in the municipal court of Sioux Falls, to recover $300 for personal injuries resulting from an automobile accident. The trial resulted in a verdict

and judgment in plaintiff's favor for $60 and costs. From this judgment defendant appealed to the circuit court and demanded a new trial in said court. Thereupon plaintiff moved to dismiss said appeal upon the ground that the circuit court was without jurisdiction to entertain such appeal. This motion was sustained by the circuit court and judgment entered dismissing said appeal. From such judgment, defendant appeals to this court.

As stated in appellant's brief, the sole question in the case is whether the jurisdiction on appeal is determined by the amount claimed by the plaintiff or the amount of the judgment recovered in the municipal court.

[1, 2] Appeals from judgments in the municipal courts are provided for in section 26, c. 191, Laws of 1907, as amended by section 7, c. 278, Laws of 1913. This section reads, in part, as follows:

"All appeals from judgments or orders of said court shall be taken to the Supreme Court in the same manner and under the same restrictions, within the same time, and with the same effect, as appeals are taken from the circuit court to the Supreme Court, provided, however, that in actions which would otherwise be cognizable before a justice of the peace except actions of forcible entry and detainer or detainer only, an appeal from the judgment of said court may only be taken to the circuit court, in the manner provided by the Justice Code. * * *"

If the jurisdiction is to be determined by the amount claimed by the plaintiff, then this case was not cognizable by a justice of the peace, and an appeal can be taken only to the Supreme Court. But it is contended by appellant that the jurisdiction is to be determined by the amount of the verdict, and as the verdict was for only $60, that the case was cognizable by a justice of the peace, and that it was appealable to the circuit court. This contention is based wholly upon what was said by this court in Laney v. Ingalls, 5 S. D. 183, 58 N. W. 572. But that case involved the right to tax costs only. No question of jurisdiction was involved or intended to be passed upon. The plaintiff in that case sued on a promissory note for the recovery of $150. The verdict was for $36.12 only, and the court allowed the defendant to tax costs against the plaintiff. This was done by virtue of section 417, Code Civ. Proc., which provides that the plaintiff

may tax costs "of course" in "actions of which a court of justice of the peace has no jurisdiction," and allows costs, to the defendant "of course" where costs are not allowed to the plaintiff; but this rule does not apply to actions in the municipal court. Under the provisions of section 25, c. 191, Laws of 1907, the plaintiff may tax costs in the municipal court in actions that are cognizable by a justice of the peace. It has been settled in this court that, where the jurisdiction of a justice of the peace depends upon the amount of money involved in the case, it is the amount claimed by the plaintiff, and not the amount recovered, that determines the question. Plunkett v. Evans, 2 S. D. 434, 50 N. W. 961; Bank v. Sanderson, 24 S. D. 443, 123 N. W. 873.

To show the inconsistency of appellant's position, let us suppose that respondent had waived the question of jurisdiction in the circuit court and permitted the case to proceed to trial, and the jury had returned a verdict for more than $100, as they might have done under the pleadings; would appellant then have claimed the case was cognizable by a justice of the peace? The proposition refutes itself.

The appeal was properly dismissed, and the judgment appealed from is affirmed.